AYRES *et al. v.* BOARD OF TRUSTEES OF LEAKE COUNTY

AGRICULTURAL HIGH SCHOOL *et al.*

[98 So. 847.   No. 23490.]

(Division B. Feb. 11, 1924.)

1. COUNTIES. *Suit cannot be maintained against board of supervisors for breach of contract executed by trustees of agricultural high schools.*

   The statutes so providing, only the county school board can establish agricultural high schools, and the government and control of such schools are vested exclusively in a board of trustees appointed for that purpose, and a suit cannot be maintained against the board of supervisors of a county for the breach of a contract executed by the board of trustees of such a school.

2. STATES. *State and governmental subdivisions not subject to suit unless expressly or impliedly made so by statute; unauthorized suit cannot be maintained against agricultural high schools.*

   The state and its governmental subdivisions and agencies are not subject to suit unless made so, expressly or by necessary implication, by some statute, and, since an agricultural high school, is an agency of the state, no suit can be maintained against it unless so authorized.

3. COUNTIES. *Suit against trustees of an agricultural high school not suit against "county" within law authorizing suits on disallowed claims.*

   A suit against the board of trustees of an agricultural high school for the breach of a contract executed by such board is not a suit against the county within the purview of sections 309 and 311,

Code of 1906 (sections 3682 and 3684, Hemingway's Code), which authorize suits against the county on claims which have been presented to and disallowed by the board of supervisors.

4. SCHOOLS AND SCHOOL DISTRICTS.   *Law vesting in trustees government and control of agricultural high schools does not authorize suit for breach of contract.*

The provision of section 3421, Hemingway's Code, that the trustees of an agricultural high school "shall have control of the property, elect and fix salaries of all teachers in the agricultural department of the school and shall have full power to do all things necessary to the successful operation of said school," does not authorize a suit against the board of trustees of such a school for a breach of contract.

5. STATES.   *Only the legislature can surrender immunity from suit; suits against agricultural high schools cannot be maintained.*

Only the legislature can surrender the privilege of immunity from suit enjoyed by the state, and its governmental subdivisions and agencies, and, since no statute has authorized suits against agricultural high schools, none can be maintained.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Action by W. R. Ayres and another against the board of trustees of Leake county agricultural high school and another. From a judgment sustaining demurrers to the declaration and dismissing the suit, plaintiffs appeal. Affirmed.

*James T. Crawley,* for appellants.

The fourth ground of demurrer is the real bone of contention. The demurrer reads as follows, to-wit: "Defendants are not liable to suit; that plaintiffs, under the law, have no right of action against defendants as trustees of Leake county agricultural high school."

Counsel for defendant relied, in the court below, on *McKinnon* v. *Gowan Brothers,* found in 90 So. 243. This case has absolutely nothing to do with the instant case, having been decided solely on the point that a materialman or mechanic has no lien on the buildings. The court

did not hold that the trustees of an agricultural high school could not be sued, and we are now facing this proposition.

Section 3421, Hemingway's Code provides that: "The trustees shall have control of the property, elect and fix salaries of all teachers in the agricultural department of the school, and shall have full power to do all things necessary to the successful operation of said school."

The trustees, then, by virtue of this section are authorized to do all things necessary for the operation of the school successfully, and it being vitally essential that a school building be erected for the successful operation of the school, then, therefore, the trustees of this school had the authority to enter into a written contract for the material out of which to erect the said buildings of the agricultural high school. And having been vested with the authority to contract for the material necessary in the erection of said school buildings, and a special fund having been provided out of which to pay for said material, as furnished, then the appellee cannot now be heard to say that they cannot be sued for having breached their contract with the appellants for the material they furnished.

This case is different from *Thompson & Company* v. *Lamar County Agricultural High School,* 78 So. 547, where the principal of the school purchased supplies for the dining room of the school, and the courts held that this was beyond the power of the trustees for the reason that running a boarding house was not necessary in the operating of an agricultural high school successfully.

The intention of the legislature, in passing the statute referred to above, must be considered in determining this case. Evidently the legislature thought it necessary that a school building should be erected before the school could operate. Then, admitting that a school building is necessary, who is it that shall make the contract for the furnishing of the material, and the erecting of the build-

ings that are to be used by the school? Reason, of course, under the interpretation of section 3421, Hemingway's Code, says that the board of trustees of the agricultural high school shall be the proper parties to do the contracting in question.

I have found no decision that holds that the board of trustees of an agricultural high school are not suable on a contract which they were authorized to make. On the other hand, there are numerous authorities to the effect that the trustees of a school can be sued for the breach of a contract that they made, and which was within their authority to make.

It is my interpretation of the law that if the board of trustees have full authority over the property, and have full power to do all things necessary for the successful operation of the school, then they certainly have the authority to contract. And if they have the authority to contract, then they cannot be heard to say that they cannot be sued for a breach of a lawful contract.

*Wells, Stevens & Jones, F. S. Harmon* and *J. L. McMillon,* for appellees.

There is no liability upon the board of supervisors in this case. The board of supervisors could not, and did not, establish this agricultural high school. According to section 3419 of Hemingway's Code the county school board in each county is "authorized and empowered to establish not more than two agricultural high schools in the county."

Thus it is seen that the schools are created and established by the county school board, and not by the board of supervisors; that the "government and control" is in the hands of the board of trustees, and not of the board of supervisors. It is true that the board of supervisors, according to section 3420, "shall levy on the taxable property in the county at the time the annual tax-levy is made

for the support and maintenance of said school," but this is nothing more than the board of supervisors does for every county institution.

There is nothing in the proposition that the trustees were the agents of the board of supervisors. It is no more reasonable to say that the board of trustees is the agent of the board of supervisors than that it is the agent of the county school board. There is nothing to be found under which it is to be assumed that the board of supervisors has had any of its powers delegated to the board of trustees as its agents. The truth is that the board of supervisors, under the Mississippi Constitution, is invested with a large measure of control over county affairs. The tax levies and bond issues are in their hands and to this extent only their powers and functions touch other phases of county business which are specifically in the hands of other boards.

The question is, whether a board of trustees of an agricultural high school is subject to suit on a contract for material used in the erection of the school buildings. The pertinent statutory enactments must be fully reviewed. Hemingway's Code, section 3682, 3684.

Thus "suits against the county" are those based upon claims which the board of supervisors had power to allow or to refuse. A condition precedent to one of these so-called "suits against the county" is that the board of supervisors shall first refuse to honor same. If therefore, the claim is one which the board of supervisors has no authority to allow or disallow, then it must follow that it is not such a claim as is embraced in the section in "suits against the county." *National Surety Company* v. *Board of Supervisors of Holmes County*, 81 So. 792.

That no suit can be brought "against the county" for a breach of contract made by the board of trustees arises from a consideration of sections 3422 and 3423 wherein it is provided that the school boards of two adjacent counties may unite in establishing an agricultural high school

which is to be governed by a joint board of trustees, five chosen from each county, and the eleventh chosen by the other ten. Such a joint school board, covering two counties, is comparable to a drainage district embracing more than one county where specific authority to be sued is granted to the drainage commissioners.

It is a well-settled principle of the common law that a sovereign cannot be sued without his own consent. Blackstone, Book 3, chapter 17; *Mississippi Centennial Exposition Company* v. *Luderbach*, 86 So. 519.

Appellant, in his brief, strenuously insists that section 3421 of Hemingway's Code is sufficiently broad to permit this suit. We feel equally certain, and believe that the court will be convinced that the legislature did not intend to grant such power, and that the language does not justify the interpretation which counsel places upon it. The right to sue and be sued is very important. Immunity from suit is a privilege not lightly to be thrown away, and the states of the American Union have been very slow to deprive themselves of this immunity.

Counsel insists that the board of trustees could not do all things necessary for the successful operation of the school without being subject to suit. We insist that the mere absence of authority in the Mississippi Reports conclusively covering the question at bar is, in and of itself, sufficient evidence of the fact that the forty-nine agricultural high schools of the state have been able to function and function efficiently.

For the assistance of the court we desire to briefly refer to the various sections of Hemingway's Code dealing with the powers of similar bodies, in order to point out that when the legislature has intended to give authority to sue and be sued, it has said so, while in numerous instances language very similar to that used here has been used with reference to boards, which clearly, under our law, have no authority to be sued.

Authority to sue and be sued has been given: Drainage District, section 4295, Hemingway's Code; Mississippi Centennial Commission, section 5690, Hemingway's Code; *Mississippi Centennial Exposition Company* v. *Luderbach,* 86 So. 517. See chapter 164, Laws 1922, for further amendment conferring full authority on Centennial Commission to be sued.

On the other hand, by section 4923, dealing with the powers of the Illiteracy Commission; section 4950 dealing with the powers of the trustees of the Industrial Institute and College; section 4996, dealing with the trustees of the Blind Asylum; section 5709, dealing with the powers of the trustees of the Mississippi Insane Hospital; sections 6078 and 6081 dealing with the Mississippi Normal College, and its trustees; and sections 6214 and 6215, dealing with the powers of the trustees of the Mississippi Penitentiary, authority to be sued is nowhere specifically granted.

All these sections show that unless and until the legislature specifically confers the authority to be sued, no agency of the state can be brought before the court.

There is nothing in the contention of counsel for appellant that this power is impliedly granted under the phrase giving the trustees "full power to do all things necessary to the successful operation of the school." Authority to be sued is no more necessary here than in other governmental arms of the sovereign state, where no such authority exists. With few exceptions business men have found the state and its governmental agencies at all times ready and willing to do the honorable thing.

Cook, J., delivered the opinion of the court.

The appellants, W. R. Ayres and L. C. Chamblee, filed their declaration in the circuit court of Leake county against the board of trustees of the Leake county agricultural high school and the board of supervisors of

Leake county, seeking thereby to recover from the defendants a balance claimed to be due for lumber and material furnished under a certain contract entered into between themselves and the board of trustees of the agricultural high school, by the terms of which they were to furnish certain lumber and material to be used in erecting the buildings of said school. Separate demurrers to this declaration were filed by the board of supervisors and the board of trustees, and from a judgment sustaining these demurrers and dismissing the suit, this appeal was prosecuted.

The separate demurrer of the board of supervisors challenges the right of the appellant to maintain this suit against it, and presents for decision the question of whether or not there is any liability upon the board of supervisors under a contract entered into by the board of trustees of an agricultural high school for material or supplies furnished such school.

The agricultural high schools of the state have been created and established under and by virtue of the provisions of chapter 122, Laws of 1910, and amendments thereto (sections 3419 to 3433, inclusive, Hemingway's Code), and from an examination of these sections it will be seen that these schools can only be created and established by the county school board, and that after the school is established the government and control thereof is vested exclusively in a board of trustees created for that purpose. Section 3419 of Hemingway's Code provides that the county school board of each county is "authorized and empowered to establish not more than two agricultural high schools in the county." Section 3421, Hemingway's Code, provides:

"The government and control of county agricultural high schoools in any county shall be vested in a board of five trustees, one from each supervisor's district, two of whom shall be elected by the board of supervisors, two by the county school board and the county superintend-

ent of education shall constitute the fifth member; two of
the number first elected shall serve for a term of two
years, and their successors shall serve for a term of three
years, and two shall serve for a term of four years; all
regular terms shall be for a term of four years.  The trus-
tees shall have control of the property, elect and fix
salaries of all teachers in the agricultural department of
the school and shall have full power to do all things nec-
essary to the successful operation of said school.''

Section 3426, Hemingway's Code, provides:   ''The
board of trustees of the schools provided for in this act
shall make detailed statements of receipts and disburse-
ments to the board of supervisors and county superin-
tendent of education annually on the first Monday of
July, and the county superintendent of education shall
transmit to the state superintendent of education a copy
of said detailed statement which shall be embodied in
his biennial report to the legislature.''

Section 3420, Hemingway's Code, contains the follow-
ing provisions:  ''The board of supervisors of any coun-
ty where an agricultural high school shall have been es-
tablished by the school board, shall levy on the taxable
property in the county at the time the annual tax levy is
made for the support and maintenance of said school.
.  .  .   The tax collected shall be deposited with the
county treasurer, to be paid out by him on the order of
the board of trustees for the high school or high schools.''

Under the provisions of section 3432, Hemingway's
Code, the board of supervisors of a county in which an
agricultural high school has been established may issue
bonds to provide funds to aid in the building, and equip-
ment of the school, but under the provisions of section
3433, Hemingway's Code, the proceeds of the sale of such
bonds ''shall be disbursed by the board of trustees of the
agricultural high school.''

From an examination of these various statutory pro-
visions it will be noted that, in the organization of these

schools, the only right conferred upon the board of supervisors is that of selecting two of the five trustees who shall have full power to control and govern the school and to do all things necessary for its successful operation. The board of supervisors is vested with full power and authority to levy county taxes, and it is made the duty of the board of supervisors to levy a tax on the taxable property of the county for the support and maintenance of these schools after they have been established but it has nothing to do with the disbursement of the funds derived from such levy. In the case at bar the board of supervisors could not and did not establish the school, and it had no power to contract for materials used in the construction of buildings, and it has not undertaken so to do. The board of trustees of the school was in no sense the agent of the board of supervisors, as contended by appellant, and consequently the demurrer was properly sustained.

The demurrer interposed by the board of trustees challenges the right of appellants to maintain the suit against it upon several grounds, one of which is that the "defendants are not liable to suit; that plaintiffs, under the law, have no right of action against the defendants as trustees of the Leake county agricultural high school." This presents for decision a question which has not been heretofore decided in this state, and, that is whether a suit may be maintained against an agricultural high school.

These institutions are created by and are agencies of the state, and it has been repeatedly held by this court that the state and its subdivisions and agencies are not subject to suit unless made so, expressly or by necessary implication, by some statute. *Bradham* v. *Hinds County,* 54 Miss. 363, 28 Am. Rep. 352; *Freeman* v. *Lee County,* 66 Miss. 1, 5 So. 516; *Mississippi Centennial Exposition Co.* v. *Luderbach,* 123 Miss. 828, 86 So. 517; *Mississippi*

*Live Stock Sanitary Board* v. *Williams et al.* (Miss.), 97 So. 523.

This being true it becomes necessary to review the various statutory enactments which it may be contended confer the right to maintain this suit. Is this a suit which may be treated as a suit against the county because it involves a question of county interest, and which may be maintained under section 309, Code of 1906 (section 3682, Hemingway's Code)? We think not. This section provides that—"Any county may sue and be sued by its name, and suits against the county shall be instituted in any court having jurisdiction of the amount sitting at the county site; but suit shall not be brought by the county without the authority of the board of supervisors, except as otherwise provided by law."

Section 311, Code of 1906 (section 3684, Hemingway's Code), provides as follows:

"A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of supervisors shall allow the same, and a warrant shall be issued therefor."

When these two sections are considered together, it appears that the framers of the law intended that "suits against the county" should only embrace those based upon claims which the board of supervisors had power to allow or to refuse to allow. It is thereby made a condition precedent to the institution of a suit against the county that the claim upon which it is based shall have first been presented to the board of supervisors for allowance and by the board disallowed, and upon the recovery of a judgment in any such suit against the county the board of supervisors are required to allow the same and issue a warrant therefor. If no suit can be main-

tained against a county until the claim upon which it is
based has been presented to and disallowed by the board
of supervisors, the claim must be one which the board
has authority to allow or disallow.

We have already noted herein the provisions of the
statutes which require that all funds of agricultural high
schools shall be disbursed by the board of trustees and
shall be paid out only on the order of the board of trus-
tees. The board of supervisors has nothing to do with
the disbursement of any funds of the agricultural high
schools of the county, and has no authority to allow or
disallow any claim against any funds of such schools.
If a judgment should be recovered against a county up-
on a claim or debt contracted by the board of trustees of
an agricultural high school, the board of supervisors
would have no authority to allow the same or issue a
warrant on the funds of such school in accordance with
the requirement of the same section 311, Code of 1906.

That a suit for a breach of a contract entered into by
a board of trustees of an agricultural high school is not
embraced within the provisions of these sections author-
izing suits "against the county" is indicated by the
fact that sections 3422 and 3423, Hemingway's Code, pro-
vide that the school boards of two adjacent counties may
unite in establishing an agricultural high school which
is to be governed by a joint board of trustees, five chosen
from each county and the eleventh chosen by the other
ten. It is clear that a suit could not be maintained
against either county for the breach of a contract entered
into by such joint board of trustees, and we do not think
authority to maintain any suit against an agricultural
high school can be found in the section authorizing suits
against a county, and if this suit can be maintained we
must look elsewhere for the statutory authority.

Counsel for the appellants insists that it must have
been the intention of the legislature to confer, in some
manner, the right to maintain suits against the boards

of trustees of these institutions, but in his search for the statutory authority he admits that ''at every stage of the procedure I have been forced to return to that section of Hemingway's Code which provides. that—''The trustees shall have control of the property, elect and fix salaries of all teachers in the agricultural department of the school and shall have full power to do all things necessary to the successful operation of said school.'' Section 3421.

The language of this section does not expressly confer the right to sue or be sued, and it only remains to consider whether it arises by necessary implication from the language used, and in considering this question it will be of advantage to consider the language used by the legislature in creating and conferring powers on other governmental agencies, and the legislative construction of such language.

The legislature has enacted various statutory schemes for the organization of drainage districts, which may be entirely within one county, or may include territory in adjoining counties with joint boards of commissioners, and by section 1707, Code of 1906 (section 4295, Hemingway's Code), it was deemed necessary to expressly provide that a drainage district ''in its corporate name, by its commissioners, henceforth, shall have power to contract and be contracted with, to sue and be sued, to plead and be impleaded, and to do and perform, in the name of such district, all such acts and things for the accomplishment of the purposes for which it was organized.''

When the Mississippi Centennial Exposition Company was created by chapter 113, Laws of 1916, a section of the act (section 5690, Hemingway's Code), provided that the Mississippi Centennial Commission was ''empowered and authorized to select all necessary officers and employees necessary to properly conduct the exposition; to make all rules relating to the placing of exhibits, the

conditions under which exhibits may be made, and do any and everything necessary to properly establish and maintain such exposition.'' This section conferring powers on the centennial commission is very similar to, and equally as comprehensive as, the language conferring powers upon the boards of trustees of agricultural schools, and upon which appellants rely for their authority to maintain this suit; but, in order to confer the right to sue this Exposition Company, the legislature of 1918 deemed it necessary to pass an additional act (chapter 241, Laws of 1918), expressly authorizing the Mississippi Centennial Exposition Company to be sued, the act providing, in part, as follows:

''Section 1. Be it enacted by the legislature of the state of Mississippi, that the Mississippi Centennial Exposition Company, created by statute approved March 28, 1916, shall be subject to suit by any person, firm or corporation now having an existing cause of action against said company for material contracted for by, or furnished to said company, and such suit may be instituted and prosecuted in any court of competent jurisdiction in Harrison county.''

In the case of the *Mississippi Centennial Exposition Co.* v. *Luderbach,* 123 Miss. 828, 86 So. 517, a suit for damages for the breach of a contract, this court had occasion to construe this statute authorizing the centennial commission to be sued, and the language of the statute was there given a restricted meaning, and it was held that it did not authorize a suit for damages for breach of contract, but only for material furnished. Afterwards the legislature by chapter 264, Laws of 1922, conferred full authority on the centennial commission to sue and be sued.

In conferring powers on the boards of trustees of various institutions and governmental agencies the authority to be sued is specifically given in some instances, while in others the legislature has withheld this authority. Au-

thority to be sued is no more necessary in the case of agricultural high schools than in other governmental agencies of the sovereign state where no such authority exists, and we do not think the grant of this power is necessarily implied from the phrase giving the trustees ''full power to do all things necessary to the successful operation of the school.'' Authority to be sued is not a necessary prerequisite to the successful operation of the school, and, since it is not clear that, in the statute now under review, the legislature intended to surrender the immunity from suit enjoyed by these governmental agencies. we do not think the statute should be extended by construction so as to do so. Only the legislature can surrender this privilege of the sovereign state and its governmental subdivisions or agencies, and we do not think it has done so in any of the acts affecting the establishment, or the government and control of agricultural high schools.

It follows from the views herein expressed that the judgment of the court below must be affirmed.

*Affirmed.*