NABORS *et al.* TRUSTEES, HOLLY BLUFF CONSOLIDATED SCHOOL DIST. *v.* SMITH *et al.**

(Division A. April 28, 1924.· Suggestion of Error Overruled June 2, 1924.)

[100 So. 177. No. 24112.]

SCHOOLS AND SCHOOL DISTRICTS. *Consolidated school district cannot be sued.*

Under the statutes of this state governing consolidated schools (chapter 124, Laws of 1910; chapter 182, Laws of 1914; chapter 224, Laws of 1914; chapter 180, Laws of 1916; chapter 194, Laws of 1916; Hemingway's Code, sections 3999 to 4006, incl.), such schools are governmental subdivisions and agencies exercising governmental functions and cannot be sued unless there is some statute, either expressly or by necessary implication, authorizing them to be sued; and, there being no such statute, such schools cannot be sued.

---

*Headnote 1. Schools and School Districts, 35 Cyc, p. 1054.

APPEAL from circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Suit by one Smith and another against J. W. Nabors and others, trustees of the Holly Bluff Consolidated School District. From a judgment for plaintiffs, defendants appeal. Reversed, and judgment rendered.

*Montgomery & Montgomery,* for appellants.

The first ground of the demurrer is that "the trustees of a consolidated school district have no authority to sue or be sued." The principle is fundamental that neither the general government nor the state can be sued, except in cases where they are expressly, through statute, authorized to be sued, nor can the state be sued, except upon such claims or demands as the auditor has authority to audit, and this is by special statute. *Gulf Export Co. v. State et al.,* 112 Miss. 452, 73 So. 281. The right to sue the county is limited to those cases wherein the legislature has ordained that the county shall be liable. This limitation is founded upon the theory that, as there is no remedy against the state unless by its own consent, there may be none against the county, which forms an integral part of the state. 7 R. C. L. 966, par. 40; *Hancock County v. Shaw,* 81 So. 647; *Grenada v. Grenada County,* 115 Miss. 831, 76 So. 682; *Rainey v. Hinds County,* 78 Miss. 308, 28 So. 875.

Whence comes the consolidated school? See article 8 of the Constitution; Section 7330, Hemingway's Code (sec. 4510, Code of 1906); Section 7332, Hemingway's Code (sec. 4512, Code of 1906). It is by virtue of the two above sections that consolidated school districts are brought into existence.

Our court has already held in the case of *Trustees of Walton School v. Covington County,* 115 Miss. 117, 75 So. 833, that: "A consolidated school district is simply a common-school district where two or more existing schools have been consolidated into one single school

135 Miss.—39.

district." So there is no escape from the conclusion that the consolidated school has its origin in the constitution.

In *Honaker* v. *Board of Education,* 42 W. Va. 170, 24 S. E. 544; 57 A. S. R. 847; 32 L. R. A. 413, the supreme court of West Virginia, speaking through Judge HOLT, said: "The Board of Education of a school district is a corporation created by statute, with functions of a public nature, expressly given and no other; *and it can exercise no power not expressly conferred or fairly arising from necessary implication.*" See, also, *State of Connecticut* v. *Hine,* 59 Conn. 50, 21 Atl. 1024; 10 L. R. A. 83; *Board of Improvement, etc.,* v. *School District of Little Rock,* 56 Ark. 354, 19 S. W. 969; 35 A. S. R. 108; 16 L. R. A. 418; *Bopp* v. *Clark,* 165 Ia. 697, 147 N. W. 172; Ann. Cas. 1916E, 417, 52 L. R. A. (N. S.) 493. From these and other authorities it seems manifest that a school district is a part of the state, and as such thoroughly imbued with the sovereignty of the state.

Consolidated school districts, being common-school districts, have never been organized as corporate bodies in this state. The statutes, providing for the issuing of the bonds of the district, provide for their issuance, through the board of supervisors of the county and by that board of supervisors. See 35 Cyc. 1054, par. 2. Sections 7342, 7343, 7344, 7379, 7380, 7384 and 7385, Hemingway's Code, provide for the selection and appointment of trustees, their qualifications, tenure of office and duties, and no mention is made about the right to sue and be used. Here the constitution and all the relevant statutes are absolutely silent upon the right to sue and be sued. It is to be noted also that there is no provision constituting a school district a body corporate.

The matter has been before the courts of this state on three- different occasions. *Thompson & Co.* v. *Lamar County Agricultural High School,* 117 Miss. 621, 78 So. 547; *McKinnon* v. *Gowan Bros.,* 90 So. 243, 127 Miss. 545; *Wallace* v. *Eason,* 95 So. 834. It must be noted

that although the court has never passed directly on this question, nevertheless the result of the decision in each case is the same as though the court had expressly decided that a consolidated school district could not sue or be sued. See, also, *Live Stock Sanitary Board* v. *Williams,* 97 So. 523.

*Campbell & Campbell,* for appellee.

The demurrer of appellants raises the question as to whether "the trustees of a consolidated school can sue or be sued." We have carefully examined the statutes of this state and do not find where the trustees of a consolidated school or of a district school have even been given express authority to sue or be sued. Since a consolidated school is merely an aggregation or consolidation of district schools, we assert that a consolidated school is vested with all powers originally exercised by the district schools which form its component parts. Therefore, in determining the powers of a consolidated school we must look to our statutes and decisions which are applicable to district schools and see what power they are vested with. One of the earliest cases in this state that passes on the right of the trustees of district schools to sue, is the case of *Connell et al.* v. *Woodward et al.,* 5 How. (Miss.) 665. We ask the court to note that the foregoing case holds that the board of trustees is a *quasi*-corporation; they are subject to the rules which govern other corporations, and that they have the power to sue. This is a leading case and is frequently cited in our own reports and by textwriters.

In *Carmichael* v. *Trustees of School Land,* reported in 3 Howard, 84 (Miss.), our court held that the case should be reversed because the trustees failed to prove that they sued in their trust capacity, but did not deny the trustees the right to maintain their action. See, also, *Pressley* v. *Ellis et al.,* 48 Miss. 575, where a bill in equity was brought by the trustees of a township to

foreclose a lien against the lessees of sixteenth section. No question is raised as to the rights of the trustees to maintain their action as such.

In *Windham* v. *Chisholm,* 35 Miss. 531, the court held: "The power to lease the sixteenth sections reserved for the use of schools, was granted to the trustees of the several townships by the Act of 1833, and, *as an incident to such power,* the right of the possession of the same; an action of ejectment may, therefore, be maintained by the board of trustees in the name of the president, to recover possession of such land when wrongfully withheld from them."

In the case of *Board of Trustees of Public Schools* v. *Yazoo City Library Assn.,* 12 So. (Miss.) 30, the board of trustees of Yazoo City public schools were sued by the Yazoo Library Association to cancel a cloud on title to certain land. Judgment was rendered against the trustees and an appeal was taken to the supreme court. The opinion does not disclose that any point was made that the trustees could not be sued. It seems to have been taken by the bar and court as a settled question.

Similarly in *DeCell* v. *McRee et al.,* 83 Miss. 423, DeCell and wife filed their bill in the chancery court against the trustees of Grange Hall School alleging ownership of the building located on certain property. Decree was rendered in favor of the trustees in the lower court but was reversed on appeal. No question is raised as to right to sue the trustees of the school. See, also, *Hobbs, et al.* v. *Germany,* 94 Miss. 469, 49 So. 515, where the controversy grew out of the attempted enforcement of a certain rule, adopted by the teachers and ratified by the trustees, which required all pupils to remain at home and study from seven to nine o'clock P. M. or suffer punishment at hands of the school authorities. A pupil refused to abide by this regulation and the authorities compelled him to withdraw from school, and the father filed suit in the chancery court praying for an injunc-

tion against the trustees and teachers to pr\_  \_c them from enforcing this rule, and the court hel\_: "The question is undoubtedly subject to inquiry by the courts."

In *Trustees Public School* v. *Carter et al.,* 123 Miss. 460, the trustees of the consolidated school sued appellees for trespass and to recover damages, and the court held that the trustees could maintain the suit.

In *Moreau* v. *Grandick,* 114 Miss. 560, a petition for mandamus was filed against the trustees of a separate school district to compel the trustees to admit the children of appellee to a white school. From a judgment granting the writ the trustees appealed. Judge ETHRIDGE delivered the opinion of the court and says in conclusion: "While school trustees may determine primarily whether a child is of a white or colored race, its finding is not a judicial determination and does not preclude the courts from determining these facts."

In *King et al.,* v. *Carraway et al.,* 97 So. 422, a bill in chancery court was filed against the trustees of Santee School and others seeking to have an order of the school board declared void. The court below denied the relief and the supreme court affirmed the decision of the lower court.

Notice the tendency of our legislature to vest more powers in the trustees of consolidated schools. Section 4005, Code of 1892, and section 4524, Code of 1906; Section 7348, Hemingway's Code (Laws 1916, ch. 186); Chapter 123, Laws 1912; Chapter 217, Acts of 1918, page 267

We now come to the consideration of laws and cases outside of our own state. 24 R. C. L., 564; *McLoud* v. *Selby,* 10 *Conn.* 390, 27 Am. Dec. 690; *Whitney* v. *Brooklyn,* 5 Conn. 405.

The following cases are in line with the leading case of *McLoud* v. *Selby,* 27 Am. Dec. 690: *Norris* v. *School District,* 28 Am. Dec. (Me.) 182; *School Town of Monticello* v. *Kendall,* 37 Am. St. 139, 72 Ind. 91; *Andrews* v. *Estes,* 26 Am. Dec. 521, 11 Me. 267; *Sanborn* v. *Neal,* 77 Am. Dec. 502, 4 Minn. 126.

*Montgomery & Montgomery,* for appellants in reply.

The recent decision of this court in the case of *Ayres et al.* v. *Board of Trustees of Leake County Agricultural High School,* 98 So. 847, controls the case at bar. What is applicable to an Agricultural High School is equally applicable to a consolidated School District, for as a matter of fact a consolidated school district, if possible, presents more clearly all of the earmarks of a governmental subdivision of the state.

*E. L. Brown* and *Campbell & Campbell,* for appellees in rejoinder.

We most respectfully submit that the Ayres case carries the rule beyond the limits of any previous authority to be found, and against the spirit of our institutions, and against the clearly perceptible true rule on the subject.

The distinction between suing the state and suing one of its officers, or one of its administrative agencies (which this is), is taken in all courts, else, how could a citizen enjoin a sheriff from collecting taxes, mandamus one board or another to perform any duty, or enjoin any board from committing any illegal act? *Osborne* v. *United States Bank,* 9 Whart. 743, 6 L. Ed. 204. Following this rule, and citing the Osborne case, our court held that, although Warren county could not be sued, its sheriff could be. *Anderson* v. *Mississippi et al.,* 23 Miss. 474.

In *Bradham* v. *Hinds County,* 54 Miss. 363, the legislature had not created the liability for neglect to repair a bridge. In *Freeman* v. *Lee County,* 66 Miss. 1, the legislature had not provided that the county might sue when only a part of the county comprised a stock-law district. *Exposition Co.* v. *Lauderback,* 123 Miss. 828, was simply a suit for breach of a contract to let Lauderback build some buildings, no property received by the agency.

*Mississippi Live Stock Sanitary Board* v. *Williams,* 97 So. 523, simply held that the board could not sue except by the district attorney or attorney general, or county attorney, as expressly provided by the act.

The Ayres case was simply not presented so as to meet this point, or else, it was not called to the attention of the court, and the Ayres opinion, at most, needs only to be qualified, in order that it may not seem to conflict with the Anderson case, and to ignore the constitutional provisions adverted to in the Covington case cited above.

We most respectfully insist that the cases cited in the Ayres case afford no support for a ruling that an administrative agency, with the money in its hands to legally pay for property acquired for a public use, cannot be compelled by suit to perform such statutory duty. A suit to establish the amount due, to liquidate the demand, is essential to the maintenance of the action of mandamus, which will not lie for an unliquidated demand.

ANDERSON, J., delivered the opinion of the court.

Appellees Smith and Strickland sued appellants J. W. Nabors, W. H. Yankee, and E. B. Crawford, trustees of Holly Bluff consolidated school district, in the circuit court of Yazoo county, and recovered a judgment from which appellants prosecuted this appeal. The controlling question is whether or not the trustees of a consolidated school district are subject to suit.

*Ayers* v. *Agricultural High School* (Miss.), 98 So. 847, is controlling. What was said in that case with reference to the question whether an agricultural high school was subject to suit applies with equal force to a consolidated school district. The statutes covering the creation and management of consolidated school districts are silent as to whether such districts shall be subject to suit. Such authority is neither given expressly nor by implication. The statutes involved will be found embodied

in chapter 124, Laws of 1910; chapter 180, Laws of 1916; chapter 194, Laws of 1916; chapter 182, Laws of 1914; chapter 224, Laws of 1914; Hemingway's Code, sections 3999 to 4006, inclusive.

A consolidated school district under our statutes, equally with an agricultural high school, is a governmental subdivision and agency exercising governmental functions. Neither the state nor any of its governmental subdivisions exercising such functions is subject to suit unless expressly or by necessary implication it is so provided by statute. Those dealing with the state or any of its governmental agencies do so with the understanding that any rights they may have are not enforceable in the courts unless the law so authorizes. All contracts and undertakings by the state or its governmental subdivisions are obligations of honor alone, and there is no remedy in the courts given the other party unless the law so provides either expressly or by necessary implication.

Reversed, and judgment here for appellants.

*Reversed.*