## CAMPBELL *v.* WARWICK.*

(Division B. March 22, 1926. Suggestion of Error Overruled April 19, 1926.)

[107 So. 657. No. 25434.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Contract of licensed school-teacher with board of trustees for employment as superintendent and teacher of separate municipal school district cannot be arbitrarily canceled without his consent.*

    Where a licensed school-teacher entered into a contract with a board of trustees for a fixed salary as superintendent and teacher of a separate municipal school district, such contract cannot be arbitrarily canceled without the consent of the teacher. Such contract confers rights which the teacher is entitled to have protected.

2. INJUNCTION. *Schools and school districts. New trustees cannot abrogate contract between teacher and former board of trustees without teacher's consent, unless for legal cause after hearing in proper proceeding; injunction will lie to prevent interference with management of school by teacher who had valid contract with board of trustees.*

    Where a board of school trustees enters into a valid contract with a teacher, and after such contract there is a change of trustees, the new trustees cannot abrogate the contract, and select another superintendent and teacher, without the consent of the teacher, unless for legal cause after a hearing in a proper proceeding. An injunction will lie to prevent interference with such teacher in the conduct and management of such school.

---

*Corpus Juris-Cyc. References; Injunctions, 32CJ, p. 251, n. 3; Schools and School Districts, 35Cyc, p. 1078, n. 90; p. 1088, n. 82.

APPEAL from chancery court of Tallahatchie county, Second district.

HON. C. L. LOMAX, Chancellor.

Suit by A. C. Campbell against J. G. Warwick for an injunction. From a judgment sustaining a demurrer to the complaint, and dismissing it, the complainant ap-

peals, but without *supersedeas*. Judgment reversed, temporary injunction reinstated, and cause remanded.

*Cutrer & Smith* and *Hays, Stingily & Whitten,* for appellant.

I. *The election of Campbell was not void, for it was authorized by statute.* Under subsections 8, 9 and 10 of section 126, chapter 283, Laws of 1924, the board of trustees of the school district had express authority to make and enter into the contract. *Gates* v. *Smith,* 10 L. R. A. (N. S.) 186 (Ark.); *Yerger* v. *State,* 91 Miss. 802, 45 So. 849; *Moon* v. *Schools,* 89 N. E. 153.

II. *Campbell had no complete and adequate remedy at law.* It is true that he might sue the district for his salary, if our court had not held that school districts could not be sued; but our court has so plainly, certainly, indisputably stated that he has additional rights, rights which cannot be compensated for in damages, that it is mere child's play to argue this question. *Brown* v. *Owen,* 75 Miss. 319; *Whitman* v. *Owen,* 76 Miss. 783.

If he was entitled to a mandamus to require the trustees to execute the contract, at that stage of the proceeding when he was entitled to a contract; after that stage is passed and he is entitled to the enjoyment of this higher right which cannot be compensated for in damages, he is entitled to the aid of the court to secure to him the enjoyment of this right. At this stage it could be secured only through a writ of injunction. The principles of law which apply to the two writs are precisely the same.

*F. H. Montgomery,* for appellee.

I. *The bill does not allege any facts which would warrant the interposition of a court of equity.* Complainant does not charge defendant with any overt act. The bill does not allege that the defendant had commit-

ted, or was threatening to commit, any trespass. The bill does not allege that the defendant had entered upon, or had undertaken to enter upon, the discharge of his duties as superintendent of the public schools of the Tutwiler Separate School District by virtue of his election as such superintendent, or his pretended election—to state the case more strongly for the complainant.

The bill might be construed as charging the board of trustees with the commission of a wrong against the complainant in discharging him, but nowhere charges the defendant with the commission of any trespass or wrong against the complainant. Such a pleading is insufficient even to require that a defendant make answer thereto. Where nothing is charged as a fact, there is nothing to deny or explain. *Horton* v. *Lincoln County*, 116 Miss. 813; *State* v. *Cresswell*, 117 Miss. 795; *Mitchell* v. *So. Ry. Co.*, 77 Miss. 917; *Jones* v. *Rogers*, 85 Miss. 802; *State* v. *Henry*, 87 Miss. 125; *Metcalf* v. *Merchants Bank*, 89 Miss. 649; *Merchants, etc., Bank* v. *Bank of Winona*, 106 Miss. 471, 14 R. C. L. 332, sec. 33.

II.  *Courts will not interfere with the right of citizens to enter into contracts pertaining to any lawful business.* The only thing which the defendant has done is to enter into a contract with the board of trustees to fill the position which the complainant says he had formerly been elected to fill by the board of trustees. It is immaterial to the consideration of this case whether the action of the new board of trustees in discharging the complainant after he had been elected as superintendent was lawful or unlawful. It is not alleged that the defendant conspired in any way to procure the discharge of Campbell as superintendent of the schools. It is not alleged that the defendant was, in any sense, remotely responsible for the breach existing between the complainant and the new board, which resulted in his dismissal by the board. *Globe & Rutgers Fire Ins. Co.* v. *Firemen's Co.*, 97 Miss. 148; *Parker Paint Co.* v. *Local Union*, 16 A. L. R. 22.

But it is not contended in this case that the defendant was a party to any action which resulted in the discharge of the complainant by the board of trustees of the school. The most that can be said, after we draw upon our imagination, is that the defendant accepted the position which the complainant at some previous time had been elected to fill, but which had been made vacant on account of the action of the board of trustees in discharging the complainant from the said position. Although there was a vacancy in the office of superintendent due to the dismissal of the complainant by the board of trustees, complainant seeks to prohibit the defendant from entering into contractual relations with the board to fill this vacancy. It is immaterial whether the board of trustees was right or wrong in discharging Campbell, the complainant. The fact remains that they discharged him, and that there was a vacancy in the office at the time they undertook to employ the defendant. To deprive the defendant of the right to enter into contractual relations with the board of trustees to occupy the vacancy caused by the discharge of the complainant would be a plain violation of the rights assured him under the fourteenth amendment of the federal constitution and section 14 of article 3 of the state constitution.

The defendant is a school-teacher and the board of trustees of the Tutwiler Separate School District is the governing authority of the public schools of the school district. As such governing officers they are vested with a broad discretion in respect to the selection of a superintendent for their schools. *Lander* v. *Tolbert,* 121 Miss. 592; *University* v. *Deister,* 115 Miss. 469.

This case, therefore, presents a plain attempt upon the part of the complainant to restrain the defendant in the exercise of the fundamental right assured to him, both by the federal and state constitutions, to contract in any manner he may see fit and pertaining to any lawful business. *Jones* v. *Miss. Farms Co.,* 116 Miss. 295; *Cheney* v. *Lirry* (U. S.), 33 L. Ed. 818; *Brennan* v. *United Hatters,* 118 A. S. R. 727; *Massie* v. *Kessna,* 130

142 Miss.—33.

A. S. R. 234; *Wilby* v. *State,* 93 Miss. 767; *Adkins* v. *Children's Hospital,* 24 A. L. R. 1238. The case at bar is an echo of *J. L. Donald et al.* v. *J. F. Stauffer et al.,* 106 So. 357.

The case at bar is an indirect method on the part of the complainant to compel the board of trustees, by writ of injunction, to retain him in its employ. If the complainant can, by suing out writs of injunction, prohibit any other person from contracting with the board of trustees to fill the vacancy caused by his discharge, he can thereby indirectly coerce the board of trustees into retaining him as its superintendent; notwithstanding the fact that the board had, for reasons sufficient to it, discharged him.

The liberty to hire presupposes the right to dismiss those who are hired. The right to dismiss is absolute and is guaranteed by the constitution. Any other construction of the constitution would nullify our boasted guarantee of liberty and pursuit of happiness. If the board of trustees has the power to dismiss one who had been employed by it, it certainly has the right to fill the vacancy caused by such dismissal. *Donald* v. *Stauffer, supra,* 24 R. C. L. 618; *Marion* v. *Board of Ed.,* 32 Pac. 643; *Freeman* v. *Bourn,* 49 N. E. 435, 39 L. R. A. 510; *Gilliam* v. *Board,* 58 N. W. 1040, 24 L. R. A. 336.

If it be conceded that complainant had been lawfully employed by the board of trustees and had been unlawfully discharged, still he has no remedy against a third person, who did not participate either in his employment or his discharge from accepting the employment formerly held by him. The act of the defendant in accepting employment from the board of trustees to fill the vacancy created by the discharge of the complainant was both a lawful and a valuable right. The law will not undertake to restrain or hamper him in the enjoyment of this right. The bill shows no equity from any viewpoint.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Campbell, filed a bill in the chancery court of Tallahatchie county against the appellee, Warwick, alleging that the complainant was, on or about the 18th day of February, 1925, duly elected by the board of trustees of the Tutwiler municipal separate school district as superintendent of the Tutwiler public school for the session 1925-1926, beginning about 21st day of September, 1925, and ending with the scholastic year. Appellant averred that he accepted the position as such superintendent and entered into a contract with the board of trustees, whereby he was to act as superintendent of the said school and to teach certain subjects therein, making the minutes of the board of trustees and his contract with said board exhibits to his bill.

Complainant further alleged that he was a licensed teacher, duly qualified to fill said position; that the defendant, Warwick, has undertaken to interfere with the complainant in the discharge of his several duties, enjoined upon complainant by law and by his contract; that after the complainant had been duly elected as aforesaid there came about a change in the membership of the board of trustees of said school, by reason of the fact that two members of the board resigned and two new trustees were elected to fill such vacancies caused by said resignations; that two of the new trustees so elected combined with one of the old members of the board of trustees, thus constituting a majority of the trustees after such change, and undertook to elect the defendant, Warwick, as superintendent and teacher as aforesaid, notwithstanding the contract already made with the complainant; that no charges of any kind were preferred against the complainant, but said acts were arbitrary, without authority of law, unlawful, and of no effect; that defendant, Warwick, undertook to interfere with the management of the school and to displace the complainant in his rights; that unless defendant, Warwick, is restrained by injunction that said defendant will wantonly and without authority of law hinder, delay, and obstruct the complainant in the

discharge of his duties as superintendent and teacher of the aforesaid school, and that complainant will thereby be greatly hampered in the discharge of his duties as such teacher and superintendent of said school, and will suffer irreparable wrong and injury on account thereof; and complainant prayed for a writ of injunction against the defendant, Warwick, to restrain him from interfering with said complainant in the discharge of his duties under his contract, and prayed for a temporary injunction until a hearing, and that upon final hearing the injunction be made perpetual.

The temporary injunction was granted and the defendant filed a demurrer to the bill, setting forth in the demurrer: (1) That there is no equity on the face of the bill; (2) that the bill of complaint showed on its face that the election of the complainant as superintendent was void; (3) that the bill shows on its face that complainant has a complete and adequate remedy at law; (4) that the bill does not allege any fact upon which the court could grant any relief; (5) that the bill on its face is a proceeding by indirection to specifically enforce an alleged contract for personal service. The demurrer was sustained, and the bill dismissed, and an appeal granted, but without *supersedeas;* the chancellor having refused to grant a *supersedeas.*

The contract made with the trustees of the said school by the complainant was valid on its face, and conferred upon him contractual rights which he is entitled to have protected. *Brown* v. *Owen,* 23 So. 35, 75 Miss. 319; *Whitman* v. *Owen,* 25 So. 669, 76 Miss. 783.

The allegations of the bill and the exhibits thereto show that the appellant was legally elected by the said action of the board of trustees, acting through a majority thereof, under the principles announced in *Yerger* v. *State,* 45 So. 849, 91 Miss. 802, and the board of trustees, after the change brought about by the resignations of the two former members of the board, did not have power to annul the contract without the consent of the

complainant, unless for legal cause to be determined in an appropriate proceeding. The board of trustees has no arbitrary power to annul valid contracts. It is an old adage that you can tie a knot with your tongue that you cannot untie with your teeth. This applies to contracts of all kinds in principle. The contract made with the appellant was a valid contract, and the defendant had no right to interfere with the carrying out of the said contract. The complainant is entitled to have his legal right protected by injunction, and is not compelled to step aside, surrender his position, and sue for the salary, or sue for damages. The complainant may stand upon his contract, and may prevent other persons from unlawfully interfering with it.

The demurrer was therefore improperly sustained, and the judgment will be reversed, the injunction reinstated, and the cause remanded for further proceedings.

*Reversed and remanded.*