STRINGER *et al.*, SCHOOL TRUSTEES, *v.* ROPER.[*]

(Division A.   Feb. 11, 1929.)

[120 So. 460.   No. 27634.]

---

*Corpus Juris-Cyc. References: Schools and School Districts, 35Cyc, p. 1105, n. 42.

*Ford & McGehee,* for appellants.

*R. H. Dale,* for appellee.

Argued orally by *R. D. Ford,* for appellants, and *R. H. Dale,* for appellee.

McGOWEN, J. The appellee, Roper, filed a suit for one hundred and sixty-two dollars and fifty cents, balance due on salary for teaching school, against the trustees of the Improve consolidated school in a court of a justice of the peace, where judgment was rendered in favor of the appellants. Thereupon the appellee appealed therefrom to the circuit court, where a trial by jury was had, resulting in a verdict in his favor for the balance sued for; and, from this judgment, appellants appeal here.

The effect of the testimony is that there is a dispute as to the terms of the contract made between the appellee and the appellants. The defendants urge here that trustees of a consolidated school district cannot be sued, as no authority to sue has been granted by the legislature to parties dealing with trustees of a consolidated school district. Appellants assign only one point for discussion, and that is that they were entitled to a peremptory instruction for the above-named reason.

It was settled in *Ayres* v. *Agricultural High School,* 134 Miss. 363, 98 So. 847, that under our school laws the trustees of an agricultural high school were not subject

to suit. In the case of *Nabors et al.* v. *Smith*, 135 Miss. 608, 100 So. 177, what was said in the *Ayres case, supra,* was approved by this court as to consolidated school districts; and Judge ANDERSON, as the organ of the court said:

"A consolidated school district under our statutes, equally with an agricultural high school, is a governmental subdivision and agency exercising governmental functions. Neither the state nor any of its governmental subdivisions exercising such functions is subject to suit unless expressly or by necessary implication it is so provided by statute. Those dealing with the state or any of its governmental agencies do so with the understanding that any rights they may have are not enforceable in the courts unless the law so authorizes. All contracts and undertakings by the state or its governmental subdivisions are obligations of honor alone, and there is no remedy in the courts given the other party unless the law so provides either expressly or by necessary implication."

Subsequent to the decision in the *Nabors Case, supra,* chapter 283, Laws 1924, was enacted; and we shall call attention to the material changes found in said chapter, with the statement that upon examination of the sections therein, with the view of ascertaining whether or not any authority is given by necessary implication to any person to sue consolidated school districts, we find that no express authority is given for bringing a suit with a view of obtaining a money judgment against the trustees of a consolidated school district.

Section 78, chapter 283, Laws 1924 (Hemingway's 1927 Code, section 8713), lodges the power in the county superintendent and the board of trustees of a consolidated school district to fix the salary of a school-teacher. Nor is there any necessary implication that the board of trustees alone have control or custody of school funds.

Section 84 of said laws (Hemingway's 1927 Code, section 8719) furnished a plan by which a teacher under contract may be released from such by the consent of the majority of the school trustees submitted to the county superintendent of education.

Section 85 of said laws (section 8720, Hemingway's 1927 Code) imposes a penalty, under certain conditions, upon a teacher of a consolidated school district who fails, refuses, or neglects to comply with his contract; the penalty of the defaulting teacher being the revocation of his license to teach for a period of one year. There can be found no express authority to sue, nor is the authority granted by necessary implication in either of these two sections.

Section 102 of said chapter (Hemingway's 1927 Code, section 8737, subsec. (g), authorizes a suit under certain conditions. This section is a scheme to provide for the transportation of certain pupils to and from the schools, and provides for a written agreement between the county superintendent and the trustees on the one hand, and the party contracting to transport the pupils on the other hand; for a bond to be given on the part of the contractor; and permits the board of education to make certain rules and regulations as to the duties and qualifications of the driver, as to governing the conduct of the pupils, the management of such schoolhouse, and the transportation of the pupils. It provides further as to the driver's duty at railroad crossings, as to establishing routes, as to transporting crippled children under certain conditions, and also permits the use of railway trains for transportation, and announces that a contract is void if the trustees making such contract are interested directly. or indirectly, closing with subsection (g), which reads as follows:

"The failure of any officer, trustee or contractor to perform the duties imposed on him by the provisions of

this act, or by the terms of the contract entered into hereunder, shall subject him to mandamus or other appropriate proceedings in law or equity for final adjudication of the matter complained of, though the person aggrieved may have a concurrent remedy by appeal to the county superintendent, and from that official to the state board of education.''

A close study of the section above quoted indicates that it was the purpose and intention of the legislature to provide a coercive remedy at law, or in equity, to be enforced against an officer, a trustee, or a contractor, in the performance of the duties imposed by the act; and in no sense is there an implication that a money judgment could be rendered against a board of trustees. They are not given exclusive control of any school funds, nor of any funds placed in their custody by this section. It is true that, in the case of *Dear* v. *Bullock*, 141 Miss. 643, 107 So. 197, this court held that a suit might be maintained by a patron against the trustees of a consolidated school district to cancel a contract for transportation entered into in violation of the statute, but the opinion does not intimate that a money judgment could be rendered. The section is simply coercive and restrictive in permitting a lawsuit of a particular character to be brought against the school trustees, and negatives the idea that such a suit for a money judgment could be so maintained.

The only other section which we think should be noticed is section 117 of said laws (Hemingway's 1927 Code, section 8752), which makes the trustees of a consolidated school district custodian of the property and grants to such trustees the authority to make school improvements and to give written orders to the county superintendent to issue pay certificates. In other words, the scheme is that when a school-teacher or other person performs services for such consolidated school districts, the trustees

may ascertain the amount due and draw their order upon the county superintendent of education, who, in turn, will approve same and draw a pay certificate upon the proper fund through the clerk of the board of supervisors, who in turn, is authorized to issue a warrant, payable by the county treasurer from the proper funds. No express right to sue for a money judgment is granted in this section, nor is there any such implication.

We think that the school trustees are exercising the governmental power given them by the legislature, and, there being no express or necessarily implied authority given to an individual to sue them for a recovery of a money judgment, this suit cannot be maintained, and that the appellants, the school trustees, were entitled to the peremptory instruction requested, which was refused by the court below.

The other very serious question raised in this case, whether or not the board of trustees must act together in formal meetings, is pretermitted by us, as we deem it unnecessary to decide that question at this time.

Reversed, and judgment here for appellants.

*Reversed.*