FERNWOOD RURAL SEPARATE SCHOOL DIST. *v.* UNIVERSAL
RURAL SEPARATE SCHOOL DIST.

(Division B. April 16, 1934.)

[154 So. 268. No. 31189.]

**J. N. Ogden** and **J. H. Price**, both of Magnolia, for appellant.

James A. Wiltshire, of Magnolia, for appellee.

Argued orally by **J. N. Ogden**, for appellant.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed its bill in the chancery court of Pike county against appellant to recover the sum of one thousand five hundred fifty-one dollars and ninety-five cents, and to enjoin appellant from expending that amount of school funds under the control of appellant, to which appellee claims right and title, and to restrain appellant from interfering with a certain school building and the furniture therein, to which appellee claims title, and for a decree establishing its title thereto. Appellant demurred to the bill, which demurrer was overruled by the court, and an appeal granted appellant to settle the principles of the cause.

Until June 25, 1932, the appellant school district contained twenty-three and eleven-sixteenths square miles with an assessed value for taxation of nine hundred one thousand seven hundred twenty-three dollars. On that date the Pike county school board created appellee district by carving out of appellant district approximately four and seven-sixteenths square miles of territory

with an assessed value for taxation of three hundred sixty-six thousand six hundred forty-nine dollars. Since that time both districts have operated and maintained separate rural schools. The assessed value of the property in the new district was forty-one per cent of the property of the entire old district. When the new district was created, there was either on hand or coming to the old district the sum of one thousand five hundred fifty-one dollars and ninety-five cents. The old district claimed the furniture in the school building, situated in the new district and made some sort of claim to the building itself.

Appellant contends that one rural separate school district has no right to sue another school district of the same character; that such a school district, under the law, can neither sue nor be sued; that there is neither express nor implied authority in the school code authorizing such suits; that a rural separate school district is like a consolidated school district, and for the same reasons is a governmental subdivision of the state, exercising governmental functions, and, in the absence of a statute either expressly or impliedly authorizing such districts to sue and be sued, they have no right to sue and are exempt from suit. Appellant's position is supported by Ayres v. Board of Trustees, 134 Miss. 363, 98 So. 847, Nabors et al. v. Smith, 135 Miss. 608, 100 So. 177, and Stringer et al. v. Roper, 152 Miss. 559, 120 So. 460.

Appellee relies on Campbell v. Warwick, 142 Miss. 510, 107 So. 657, but that decision does not support appellee's contention. That was not a suit against the school district, but a bill for injunction by Campbell to prevent Warwick from interfering with his rights and duties as superintendent of the Tutwiler municipal separate school district.

There may be a remedy for the enforcement of appellee's rights under the certiorari statute (section 73,

Code 1930), or under section 271 of the Code 1930. We do not decide this question because it is not presented. Reversed and remanded.