Storey *et al. v.* Rhodes *et al.*

(Division A.   May 31, 1937.)

[174 So. 560.   No. 32773.]

E. C. Sharp, of Booneville, for appellants.

W. C. Sweat, of Corinth, for appellees.

**McGowen, J.,** delivered the opinion of the court.

Storey and four others as trustees of the Pisgah Consolidated Line School District exhibited their bill in the chancery court of Alcorn county against Rhodes, as superintendent of education and president of the County School Board of Alcorn county, and the members of said county school board.

The bill alleged, in brief, that the Pisgah consolidated school was a line school, embracing territory in both Alcorn and Prentiss counties; that the school building had been destroyed by fire, and that it was being reconstructed; that the board of trustees thereof had provided buildings and equipment for carrying on the school until the completion of the new building; that contracts had been made with teachers for that purpose. It further alleged that by an invalid order the county school board of Alcorn county had transferred all the pupils in Alcorn county to other schools within that county; a copy of the order was made an exhibit to the bill. It further alleged that by the transfer of the Alcorn county pupils from the Pisgah school to other schools the number of pupils in the Pisgah school was greatly reduced, and the funds would prove inadequate to carry on the Pisgah school, and it would be weakened from an academic and financial standpoint.

There was no allegation that the trustees of the Pisgah consolidated school had any different, or special, interest from other patrons and taxpayers within the terri-

tory affected. There was no allegation of any request made of the board of supervisors of either county to take steps to prevent the transfer of the pupils in Alcorn county from the Pisgah school to other schools.

Appellees, members of the County School Board of Alcorn County, filed a demurrer on the ground, among others, that the trustees of a consolidated school district had no authority under the law to bring this suit. The court sustained the demurrer; thereupon appellants, the trustees of the consolidated school, amended their bill by bringing it as individual taxpayers of the territory and patrons of the school. The court sustained a demurrer to this amended bill on the ground, among others, that the individuals and taxpayers had no right to bring the suit until they had first called upon the board of supervisors of the county to bring it, and it had refused so to do.

An examination of the school statutes, chapter 163, Code 1930, as amended (section 6537 et seq., as amended), reveals that no authority has been vested in trustees of a consolidated school to bring suit, except in one instance. Section 6631 confers the authority upon all trustees of the several kinds of schools being operated in this state to insure the school property against loss by fire, cyclone, and tornado, and, when necessary, to bring suit for the recovery thereof. It is the settled rule in this state that public bodies or subdivisions of the state have only such powers as are conferred on them by law, and, unless the statute gives the power to sue and be sued, such boards or bodies have not such power. Fernwood Rural Separate School District v. Universal Rural Separate School District, 170 Miss. 35, 154 So. 268, and authorities there collated and discussed. The demurrer to the original bill was properly sustained.

The court was also correct in sustaining the demurrer to the amended bill, which simply brought the same suit in the name of the same individuals as taxpayers and

school patrons. The territory of the school district lying in Alcorn county was a part of that county. There was no allegation of any special claim or interest of these particular individuals as compared with the balance of the taxpayers and patrons of that school district. There was no difference between these named taxpayers and others. There was no allegation that the board of supervisors had been asked and had refused to vindicate their rights. The rights here sought to be asserted were public in their nature.

Section 271, Code 1930, provides that "suit may be brought, in the name of the county, where only a part of the county or of its inhabitants are concerned, and where there is a public right of such part to be vindicated." That right conferred by statute to control the litigation of the county, or a part thereof, cannot be seized upon by individual taxpayers in the circumstances here alleged for the assertion of supposed public rights. A discussion of this proposition is to be found in the case of McKee v. Hogan, 145 Miss. 747, 110 So. 775, wherein the matter is finally disposed of adversely to these taxpayers.

After the second demurrer was sustained, the appellants declined to plead further, and the court rendered final judgment against them. We find no error in this action, and we do not protract the discussion as to other matters raised by the bill and demurrer. There was no right here to sue either as trustees or as individual taxpayers.

Affirmed.