GRIMES et al. v. AMERICAN HEATING, ETC., Co. et al.

(Division A. Nov. 6, 1939.)

[191 So. 819. No. 33842.]

Watkins & Eager, of Jackson, for appellants.

**Shands, Elmore, Hallam & Causey**, of Cleveland, for appellees.

584

Argued orally by **Elizabeth Hulen** and **W. H. Watkins**, for appellant, and by **Hugh F. Causey**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The Leland Consolidated School District in Washington County carried fire insurance on its school buildings as authorized by Section 6631, Code 1930. Appellant heating company had a contract with the school to install a heating system in one of the buildings, and in the attempted performance of that contract the work was done in such a negligent manner that the building was destroyed by fire communicated as a proximate result of the defective installation of the heating equipment. The insurance companies fully paid the loss and thereupon sued the heating company under the subrogation clause in the insurance policies which is in the usual language of all fire policies in common use in this State, and reads as follows: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company, shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and·such right shall be assigned to this company by the insured on receiving such payment."

The school authorities made the stipulated assignment, but appellee heating company contended, by demurrer, that the consolidated school had no power or authority to maintain a suit against the alleged tort-feasor, no right of recovery, and, therefore, had nothing in that respect which it could assign to appellant insurance companies, and, moreover, that the power to make such an assign-

ment has nowhere been conferred by statute upon the school authorities. Appellee relies on such cases as Storey v. Rhodes, 178 Miss. 776, 174 So. 560; Fernwood Rural Separate School Dist. v. Universal School, 170 Miss. 35, 154 So. 268; Ayres v. Board, 134 Miss. 363, 98 So. 847; Nabors v. Smith, 135 Miss. 608, 100 So. 177; Stringer v. Roper, 152 Miss. 559, 120 So. 460. The court took that view, sustained the demurrer, and dismissed the bill.

We need not pause to elaborate upon the difference between a cause of action, strictly speaking, and the capacity to maintain a suit to enforce the cause of action, but will proceed at once to the observation that there is no prescription in the cited statute as regards the form and contents of the policy or policies of fire insurance which may or shall be taken thereunder by the schools, from which it must follow that it was contemplated that the usual fire insurance contract in common use would be the contract which would be made. The general grant of power to insure included, therefore, the power to agree to all the usual stipulations in the standard fire insurance policy, and to make that agreement binding and effectual as between both parties to the insurance; and this includes the quoted subrogation clause, common to all standard fire insurance policies in use in this state. And to make the subrogation clause binding and effectual, it would be necessary that the insurance company should have under that clause the same rights which would flow to it in the general and ordinary course under such policies, which is to say, when the insurer paid the loss it would have recourse against the third party tortfeasor who caused the fire.

It may be conceded that the legislature has not conferred upon the school authorities the power or capacity to sue a tort-feasor who has damaged or destroyed the school property by fire, but this does not foreclose the power to vest that authority and right in an insurance company which has paid the fire loss under a standard

policy covering the destroyed property; and we hold that the effect of the statute, when taken with the policy, is as last stated. To construe the statute otherwise would be, without any countervailing advantages, to place schools at a disadvantage in procuring insurance; and, certainly the legislature had no such purpose as that.

Reversed and remanded.