Mullinax *v.* Trustees D'Iberville Consolidated School, et al.

In Banc. Dec. 31, 1948.

(38 So. (2d) 93)

Louis Hengen, for appellant.

694

**U. B. Parker,** for appellee.

**Griffith, C. J.**

Appellant brought her action against the trustees of the D'Iberville Consolidated School District and the present county superintendent of education of the county to recover a money judgment for damages for not permitting her to teach in the school of the district for the school term of 1947-48. A demurrer to the declaration was sustained and the plaintiff having declined to plead further the action was dismissed.

If we concede for the sake of the argument, without so deciding, that appellant had a valid contract for the stated term, there is no allegation in the declaration that the defendants in refusing to allow it to be carried out were guilty of any tortious conduct, such as that they were actuated by malice or ill will, or were guilty of any wilful wrong, but so far as the allegations of the declaration are concerned the defendants and each of them may have acted upon what would appear to men of good purpose and of average prudence as good and sufficient grounds, in which case it is settled that trustees of a consolidated school are not suable for the recovery of a monetary judgment. Stringer v. Roper, 152 Miss. 559, 120 So. 460.

And as to the superintendent, the occupant of that office at the time the contract was breached, if there was a breach, was not sued, and it is not shown by sufficient averment that his successor, who has been made a defendant, had actually anything to do with the matter complained of, and if so what.

Affirmed.