UNITED STATES ex rel. ROMAN v. RAUCH et al.

(District Court, S. D. New York. September 18, 1918.)

CERTIORARI ⬟4, 9—SELECTIVE SERVICE ACT—CLASSIFICATION—REVIEW OF BOARD.

Certiorari, which, under Rev. St. § 716 (Comp. St. 1916, § 1239), a federal court may issue wherever appropriate, will not be issued to review classification by a local board under the Selective Service Act, because it is an executive body, because there is no power in the court to substitute its opinion on a question of fact for that of the board, and because there is remedy by habeas corpus, which is not a discretionary writ, as is certiorari.

Certiorari by the United States, on the relation of Isadore Roman, against Adolph Rauch and others, as members of the Local Board on Classification, under Selective Service Act May 18, 1917, for Division No. 157, City of New York. Denied.

Aaron A. Feinberg, of New York City, for relator.

Francis G. Caffey, U. S. Atty., of New York City, opposed.

HOUGH, Circuit Judge (orally). The question presented by this record is purely one of law. Whether rightly or wrongly an actual writ of certiorari has issued, and to that writ a return has been made, accompanied by an answer to the petition for the writ. In the United States court the questions that are presented by such a record are perhaps in my humble opinion somewhat different from what they would be or are in any and every state in the Union, because there is probably no state which has not enlarged, limited, or created judicial jurisdiction in the matter of certiorari by statute, which the United States has never done, except in so far as certiorari is used substantially as a method of appeal from various tribunals to the Supreme Court of the United States under the act of 1891 (Act March 3, 1891, c. 517, § 6, 26 Stat. 828 [Comp. St. 1916, § 1217]).

The sole source of general authority for the issuance and use of the writ of certiorari in the United States courts is section 716 of the Re-

vised Statutes (Comp. St. 1916, § 1239), which is still law. That section in substance gives to all federal courts of record—the well-known courts at the time of the passage being the Supreme, the Circuit, and District Courts—the right to issue the usual writs wherever the same should be appropriate. In other words, we have to look to the history of the common law for whatever general power in respect of certiorari we possess. I think it is rather curious that there are not more reported decisions and authorities on the subject, but there are enough and sufficiently recent for my purpose. I am frank to say that I was brought up, a considerable number of years ago now, to accept as final what was said, for example, in this respect by the Circuit Court of Appeals for the Third Circuit in Borden's Condensed Milk Co. v. Baker, 177 Fed. at page 911, 101 C. C. A. at page 191, where that court said:

"It only remains to add that the writ of certiorari is not available in the federal courts of law, except where it is necessary to be used in aid of their jurisdiction."

That, until recently, I had supposed was the accepted doctrine, thought to be based on the ruling of the Supreme Court in the Vallandigham Case, 68 U. S. (1 Wall.) 243, 17 L. Ed. 589. But I doubt whether the view that the writ in the federal court is only auxiliary to some other head of jurisdiction can now be fully accepted. I think the language I am about to read has been repeated several times by the Supreme Court. I read from McClellan v. Carland, 217 U. S. at page 278, 30 Sup. Ct. at page 503, 54 L. Ed. 762, where the court said:

"I think this writ [that is, the writ of certiorari] has not been issued as freely by this court as by the Court of Queen's Bench in England, and, prior to the act of * * * 1891, * * * had been ordinarily used as an auxiliary process merely; yet, whenever the circumstances imperatively demand that form of interposition, the writ may be allowed, as at common law, to correct excesses of jurisdiction and in furtherance of justice"

—but without the slightest definition of what is meant by the expression "in furtherance of justice."

In my judgment this is the clearest remark on the subject that the Supreme Court has made, although since volume 217 the same language has been repeated several times. There can be no doubt that the writ of certiorari may, for instance, be granted by this court as an accompaniment to a writ of habeas corpus; this would be an example of the certiorari in aid of the jurisdiction in habeas corpus. But in this case, according to the record that is before me, the writ of certiorari is prayed for flatly as an original, independent process, upon the ground that it is an appropriate method of the District Court for exercising supervision over the local board under the Selective Draft Law. This attempt, in my judgment, suggests four points, as follows:

First. Is any original certiorari a possible thing in the District Court where it is not used in aid of another jurisdiction?

I do not find it necessary to record my opinion on this subject. I think it very doubtful.

Second. The inquiry is, assuming that there is any right to issue the writ other than as auxiliary to the exercise of another jurisdiction, is

there anything in the nature of the body or board proceeded against to forbid the exercise of such jurisdiction?

Here I may say that I do not think that anything in the decision of our Circuit Court of Appeals in Angelus v. Sullivan, 246 Fed. 54, 158 C. C. A. 280, deals with this subject. It was there said that in some appropriate manner the District Court might correct the local board; but I am not concerned about that. I am only concerned with the question whether the independent writ of certiorari is an appropriate method of exercising such supervision. In my judgment it is not a suitable method of proceeding against a local board created by the Selective Service Law (Act May 18, 1917, c. 15, 40 Stat. 76), and it is not for a reason which, with very abundant citations of authority, is set forth in the text-books as follows:

"In order to use the writ of certiorari, the question sought to be raised by the writ must relate to a judicial function. What is a judicial function," says the writer, "does not depend solely upon the mental operation by which it is performed or the importance of the act; regard must be had to the organic law and to the division of the powers of government. It is not enough to make a function judicial that it requires discussion, deliberation, thought, and judgment; it must be the exercise of discretion and judgment within that subdivision of the sovereign power which belongs to the judiciary or at least which does not belong to the legislative or executive departments."

In my judgment, it is perfectly true that the action of a local board in passing upon a question of fact as to whether a man is a citizen or an alien nondeclarant or an alien declarant is, after a fashion of speech, a judicial act. But that phrase is inaccurate. It is not an act which is within the power, function, or nature of the judicial department of any country; it is a function of the executive department; it is so by its nature, and it is so by the act of Congress.

But, even if I am in error about that, then the whole line of decisions growing out of the Chinese Exclusion Acts and the Immigration Laws are applicable. By those several statutes the power of ascertaining any questions of fact with regard to persons who were in or desired to enter this country was committed to administrative boards, and it has been uniformly held, not on certiorari, but on habeas corpus under the Immigration Law, and on appeal from the commissioners under the Chinese Exclusion Act, that it was perfectly proper for Congress to put this inquiry as to facts absolutely and conclusively in the hands of the executive to the exclusion of the judiciary. The lower courts have held that, where no facts appear supporting the executive conclusions, error of law was committed. That I apprehend is the point made here by the relator.

Assuming that that is the point, I do not think it advances the matter of jurisdiction, because I am inclined to hold and do hold that at common law—and it is by the common law that this matter must be decided—the writ of certiorari is ineffective to investigate any question of fact; the return is taken for absolute verity. Every petition in this case shows complete jurisdiction in the local board, and what is complained of is only a finding of fact on evidence which (like all evidence) includes the demeanor, behavior, and apparent credibility of witnesses.

The third thought suggested by this record is really a variant of the

second. Does this petition, plus the record, present any matter that is reviewable by certiorari, assuming that process to be applicable as against an executive board? I think this is substantially the same question as the second.

The fourth and last thought suggested is this: A writ of certiorari is by all the authorities and by the whole history of the common law a matter of last resort. This remark does not apply to a statutory writ. I am speaking about the common-law or customary writ in saying that it is applied when nothing else will do. It is an extraordinary writ; it is only justified when there is no other method of procuring justice to be done.

Is this such a case; that is, one of last resort? What is wanted now is but the transfer of a name from one list to another. Roman is not under any duress; he is not a soldier; he is not called for service; his status has not yet been changed. It is true he feels himself inconvenienced, because he is more likely to be called for service out of class 1 than out of class 5. If there is illegality in holding him to service, it can be shown on habeas corpus; but as the matter stands to-day the rule applies that the writ is discretionary and not of right; in this respect it wholly differs from a habeas corpus. Therefore, if I assumed or held, first, that there was clear power in the District Court to use a writ of certiorari as independent and original process; second, that such original process might be directed against an executive board; and, third, that this particular board had probably erred in a matter of law—I should decline to issue the writ as a matter of discretion.

In conclusion, it is held that no opinion is expressed as to the general right of the District Court to issue independent writs of certiorari for any purpose other than to test jurisdiction; second, that there is no jurisdiction to issue such a writ against a local board created by the selective draft statute, because it is an executive body; third, there is nothing in this record to show any error on the part of the board for division No. 157, except one of fact, and there is no power in this court to substitute its own opinion upon a question of fact for that of said local board; and, fourth, because under the circumstances shown the writ should be denied as a matter of discretion.