### In re HIGDON et al.

(District Court, E. D. Missouri, E. D.   November 1, 1920.)

#### No. 5485.

1. **Constitutional law ⬤⟞29—Provision as to jurisdiction of inferior federal courts not self-executing.**

   Const. art. 3, § 2, extending the judicial power to all cases in law and equity arising under the Constitution and laws of the United States, is not self-executing as to the courts inferior to the Supreme Court; but those courts can exercise only so much of that jurisdiction as is conferred upon them by Congress.

2. **Courts ⬤⟞265—General jurisdiction of District Court does not include original mandamus proceedings.**

   The general jurisdiction conferred on District Courts over all suits of a civil nature at law or in equity arising under the Constitution and laws of the United States does not confer on those courts jurisdiction over applications for mandamus, where that relief is the object of the suit, but only authorizes such writs as auxiliary to a jurisdiction already existing and being exercised.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**3. Courts ⟨⟩265—Corrupt Practices Act does not authorize mandamus by United States District Courts.**

The federal Corrupt Practices Acts (Act Aug. 19, 1911 [Comp. St. § 192 et seq.]; Act Oct. 16, 1918 [Comp. St. Ann. Supp. 1919, § 10251a]), requiring certain things in elections for Senators and members of Congress, and forbidding others, and prescribing punishment for violations, do not confer on the federal District Courts power to enforce the rights thereby given by mandamus.

Application by John C. Higdon and another for a writ of mandamus, commanding the Board of Election Commissioners in the city of St. Louis, Mo., to recount the ballots at a primary election. On petition for rehearing after denial of the application. Petition for rehearing denied.

John C. Higdon, of St. Louis, Mo., and G. H. Force, for petitioners.

HOOK, Circuit Judge. John C. Higdon, Esq., and G. H. Foree, Esq., candidates on the Democratic ticket for nomination to the positions of United States Senator from Missouri and Representative in Congress from the Tenth congressional district of that state, respectively, at the primary election August 3, 1920, applied to the judge of the United States District Court for the Eastern District of Missouri for a writ of mandamus commanding the board of election commissioners in the city of St. Louis, Mo., to reopen the ballot boxes, recount the ballots, and make a true and lawful return thereof to the court. Various frauds and irregularities were alleged. The application was denied by Hon. Charles B. Faris, United States District Judge, for want of jurisdiction. A petition for rehearing was presented to William C. Hook, United States Circuit Judge, at the instance of the petitioners and with the consent of the District Judge.

Two grounds for the existence of jurisdiction are asserted: First, the provision of the Constitution which extends the judicial power "to all cases in law and equity" arising under the Constitution and laws of the United States (article 3, § 2); second, the federal Corrupt Practices Acts (37 Stat. 29 [Comp. St. § 192 et seq.]; 40 Stats. 1013 [Comp. St. Ann. Supp. 1919, § 10251a]), relating to primary, general, and special elections.

[1] The relation of the Supreme Court to the judicial power of the United States need not be considered. As to the inferior federal courts, the provision of the Constitution is not self-executing or automatically operative. It was left to Congress to distribute the judicial power among them and to prescribe the extent and the means of its exercise.

[2] The original Judiciary Act of 1789 (1 Stat. 78) conferred upon the Circuit Courts original cognizance of all suits of a civil nature at common law or in equity, where the matter in dispute exceeded a specified value; but it was held more than a century ago that this did not cover the whole ground of the Constitution, and that those courts had no jurisdiction of mandamus as an original plenary action. McIntire v. Wood, 7 Cranch, 504, 3 L. Ed. 420. In federal jurisprudence mandamus is not available to establish or complete an individual

right, even though the right may arise under the Constitution and laws of the United States. It is regarded as auxiliary or assistant to a jurisdiction already existing; not a jurisdiction in the general sense, but one that is actually afoot and is being exercised. Hence it is that, unless specifically authorized by Congress, a right under the Constitution or laws of the United States may not be enforced by an original action in mandamus. The general conferring of jurisdiction of cases arising under such Constitution and laws is not of itself sufficient.

In Knapp v. Railway Co., 197 U. S. 536, 25 Sup. Ct. 538, 49 L. Ed. 870, the Interstate Commerce Commission sought by an original petition for mandamus in a Circuit Court of the United States to compel the railway company to make certain reports which an act of Congress authorized the Commission to require. The Supreme Court held that the jurisdiction of the Circuit Courts under the Judiciary Act of 1789 had not been enlarged by subsequent statutes; also that the court had no power to enforce performance by the railway company of its duty by an original proceeding in mandamus. In Covington Bridge Co. v. Hager, 203 U. S. 109, 111, 27 Sup. Ct. 24, 25 (51 L. Ed. 111), the court said:

"We deem it settled beyond controversy, until Congress shall otherwise provide, that Circuit Courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States."

The District Courts of the United States have no more power in this particular than had the Circuit Courts, to whose jurisdiction they succeeded.

[3] The Corrupt Practices Acts add nothing to the above. They require certain things to be done, prohibit the doing of others, and prescribe punishment for violations. Enforcement is by indictment and trial in the customary way. No remedy by original action in mandamus is given those injured. The proceeding here is neither an inquiry by a grand jury nor the trial of a criminal case under those acts. Though Congress might provide for federal supervision of all elections, primary, general, and special, relating to nomination and election to office under the Constitution and laws of the United States, and provide for enforcement thereof by mandamus, or any other suitable remedy, it has not done so.

The petition for rehearing is denied.