WALTON *v.* HOUSE OF REPRESENTATIVES OF THE STATE OF OKLAHOMA ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF OKLAHOMA.

No. 689.   Submitted April 11, 1924.—Decided June 9, 1924.

A court of the United States, sitting as a court of equity, is without jurisdiction of a suit to enjoin the prosecution of a proceeding to remove a state official from office.   P. 490.

Affirmed.

APPEAL from a decree of the District Court dismissing the bill in a suit by the Governor of Oklahoma to enjoin the prosecution of impeachment proceedings in the state legislature as based on improper motives and as infringing his rights to due process and equal protection of the law, under the Fourteenth Amendment.

*Mr. Finis E. Riddle* and *Mr. Henry B. Martin* for appellant.

A federal court has no jurisdiction in equity generally, where a contest over, or the title to, a state office, or a question of removal of an officer in accordance with state law, is involved; but will lend its aid against a wrongful interference or removal under a void judgment, which

involves complainant's federal constitutional rights. *Marbury* v. *Madison,* 1 Cr. 137; *Kennard* v. *Louisiana,* 92 U. S. 480; *Missouri* v. *Andriano,* 138 U. S. 496; *Foster* v. *Kansas,* 112 U. S. 201; *Wilson* v. *North Carolina,* 169 U. S. 586; *Cummings* v. *Missouri,* 4 Wall. 277; *Ex parte Garland,* 4 Wall. 333; *MacMath* v. *United States,* 248 U. S. 151; *Nicholas* v. *United States,* 257 U. S. 71.

A court of equity has jurisdiction to entertain and adjudicate upon the subject matter when any actionable rights are involved and where there is no adequate, complete remedy at law. Where there is a wrong, equity will furnish a remedy. A federal court in equity has jurisdiction in such cases where the complainant's constitutional rights are invaded. *In re Sawyer,* 124 U. S. 200; *Moore* v. *Dempsey,* 261 U. S. 86; *Board of Liquidation* v. *McComb,* 92 U. S. 531; *Terrace* v. *Thompson,* 263 U. S. 197.

The protection of the Federal Constitution securing rights to individuals operates equally upon every state agent, who is the repository of state power. *Home Telephone Co.* v. *Los Angeles,* 227 U. S. 278.

While a federal court in equity will not enjoin proceedings in a state court generally, it will enjoin the execution of a void or fraudulent judgment after the suit is ended, when complainant has no adequate and complete remedy at law. *Simon* v. *Southern Ry. Co.,* 236 U. S. 115.

Where the issue involved is not a contest over the title to an office, but involves a question of forfeiture on account of alleged violation of specific grounds provided in the state constitution, and the trial provided for is before a court, and the judges are required to be sworn to try the cause according to the law and the evidence, then the subject-matter and the trial are judicial and not political. Okla. Rev. Laws, 1910, § 2084; *Rhode Island* v. *Massachusetts,* 12 Pet. 657.

*Mr. George F. Short,* Attorney General of the State of Oklahoma, for appellees. *Mr. Leon S. Hirsh,* Assistant Attorney General, *Mr. Irvin Wilson* and *Mr. J. D. Lydick* were also on the brief.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a suit in equity brought in a District Court of the United States to enjoin the prosecution of articles of impeachment against a state officer. The plaintiff is the officer against whom the articles are directed, and the principal defendants are officers designated to conduct the prosecution before the Chief Justice and Senate of the State sitting as a court of impeachment. The allegations of the bill are very general, wanting in precision and usually made on information and belief. In substance the grounds on which the injunction is sought are that the articles of impeachment were prompted by wrongful motives and prejudice on the part of most of the members of the House of Representatives of the State; that many members of the Senate who will sit in the court of impeachment have the same wrongful motives and prejudice, and will be controlled by them instead of by the evidence; and that to subject the plaintiff to a trial before a body so constituted will work a denial of the due process and equal protection to which he is entitled under the Fourteenth Amendment to the Constitution of the United States. In the District Court the defendants challenged the bill by a motion to dismiss, and after a hearing on that motion the court entered a decree of dismissal. The plaintiff appealed to this Court.

The trial before the court of impeachment proceeded, and the plaintiff was found guilty on some of the articles and removed from office. While the impeachment proceeding was in an early stage, its validity was sustained by the Supreme Court of the State, *State* v. *Chambers,*

96 Okla. 78; and, after the proceeding was carried to judgment, petitions for certiorari were denied by that court and by this Court, 263 U. S. 721.

We think the District Court rightly dismissed the bill. A court of equity has no jurisdiction over the appointment and removal of public officers, *White* v. *Berry,* 171 U. S. 366; and particularly are the courts of the United States sitting as courts of equity without jurisdiction over the appointment and removal of state officers. *In re Sawyer,* 124 U. S. 200, 210. And see *Taylor* v. *Beckham,* 178 U. S. 548, 570. That the removal is through a proceeding in the nature of a criminal prosecution does not alter the rule. *In re Sawyer, supra,* pp. 210, 219.

*Decree affirmed.*