**FINERAN et al. v. BAILEY, Secretary of State of Louisiana.**

(Circuit Court of Appeals, Fifth Circuit. October 25, 1924.)

No. 4447.

1. **Courts** ⊚⟫265 — **Federal courts may issue writ of mandamus only in aid of jurisdiction previously acquired.**

A federal court is without power to issue a writ of mandamus, except in aid of jurisdiction previously acquired.

2. **Courts** ⊚⟫265 — **Federal court is without power to grant an injunction to serve as writ of mandamus.**

What a court cannot do directly it is without power to do indirectly, and a federal court is without jurisdiction to grant an injunction which would in effect operate as a writ of mandamus.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by J. J. Fineran and others against J. J. Bailey, Secretary of State of the State of Louisiana. From a decree dismissing the bill, complainants appeal. Affirmed.

C. F. Helmecke, of New Orleans, La., for appellants.

Michael M. Irwin, Asst. Atty. Gen. (Percy Saint, Atty. Gen., and Percy Ogden, Asst. Atty. Gen., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

BRYAN, Circuit Judge. The appellants filed their bill in equity in the United States District Court for the Eastern District of Louisiana, averring that each of them had been nominated by the Independent Progressive party as a candidate for Presidential elector from the state of Louisiana; that in pursuance of section 50, Act No. 130, Laws of Louisiana, enacted in 1916, which requires nomination papers for officers to be voted for by the electors of the state at large to contain the signatures of at least 1,000 qualified voters, lists containing the signatures of 900 qualified voters were offered to the secretary of state to be filed, and that additional lists from the parishes of Orleans and East Baton Rouge, containing the signatures of 450 additional qualified voters of those parishes, had been tendered, but that the registrars of voters of these two parishes had refused to certify that the signers thereof were qualified voters, and that the secretary of state, the defendant, "unless prevented by proper court action," would not cause the names of appellants to be printed on the official ballot which would be used in the general election of 1924.

By section 51 of the act above cited, nomination papers, before being filed with the secretary of state, are required to be submitted to the registrars of voters of the parishes in which the signers purport to be qualified voters, and the registrars are required to certify which signatures are those of qualified voters. The bill prays for an injunction prohibiting the secretary of state "from causing the official ballots for use at the general election to be held on November 4, 1924, to be printed and distributed without the names of the electors certified to him by the said officials of the Independent Progressive party." The defendant excepted to the jurisdiction of the court as a court of equity, and also moved to dismiss the bill. After hearing the bill was dismissed.

[1] It is well settled by the decisions of the Supreme Court that a District Court of the United States has no jurisdiction over the appointment and removal of public officers. Walton v. House of Representatives, 265 U. S. 487, 44 S. Ct. 628, 68 L. Ed. 1115, and cases there cited. As it appears to us, this is an effort to make a writ of injunction serve the purpose of a writ of mandamus. A federal court has no power to issue a writ of mandamus, except in aid of jurisdiction previously acquired. Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Knapp v. Railway Co., 197 U. S. 536, 25 S. Ct. 538, 49 L. Ed. 870; Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111.

[2] What the court was without the power to do directly, it was without the power to do indirectly. Creager v. Bryan (D. C.) 287 F. 362. The appellants concede that the District Court was without the power to issue a writ of mandamus, and because of that they contend they had no adequate remedy at law, ignoring altogether the complete remedy that was open to them in the state courts of Louisiana.

The decree is affirmed.