## In re BAN.

District Court, W. D. New York. October 11, 1927.

1. Certiorari ⊛⊸4—Certiorari will not issue where petitioner has plain adequate remedy by habeas corpus.

Writ of certiorari is discretionary, and will not issue where petitioner has plain and adequate remedy by habeas corpus.

2. Aliens ⊛⊸32(13)—Certiorari will not issue to review order of Secretary of Labor for deportation of alien to one country rather than another.

Certiorari will not issue to review order of the Secretary of Labor for deportation of alien to one country rather than to another.

Deportation. Petition of Josep Ban for writ of certiorari to review determination of the Secretary of Labor, issuing warrant for deportation of petitioner. Denied.

Jay T. Barnsdall, Jr., of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

ADLER, District Judge. This is an application for a writ of certiorari for the purpose of reviewing the determination of the Secretary of Labor, who, on January 29, 1927, issued a warrant for the deportation of the petitioner to Jugo-Slavia. The petitioner entered the United States from Canada illegally, and was apprehended at Niagara Falls on December 22, 1926. He is a native of Jugo-Slavia and in or about July, 1924, entered Canada at the port of Halifax, and remained in Canada until he attempted illegal entry into the United States. Thereafter he was released upon $1,000 bail by the United States immigrant inspector in charge at Buffalo, N. Y. On or about March 25, 1927, he re-entered the Dominion of Canada, where he now is.

This writ is sought for the purpose of determining the validity and legality of the warrant deporting Ban to Jugo-Slavia instead of to Canada.

[1, 2] The first question is, Can the proceedings of the Department of Labor and the warrant of deportation be reviewed by a writ of certiorari?

The questions raised by the petition, and the review of the determination of the Secretary of Labor, can be determined by suing out a writ of habeas corpus. Cegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; United States v. Tod (C. C. A.) 1 F.(2d) 246.

21 F.(2d)—64

The writ of certiorari, which is a discretionary writ at common law, will not issue where the petitioner has a plain and adequate remedy by habeas corpus, or otherwise. In this conclusion I follow the reasoning of Judge Hough in United States v. Rauch (D. C.) 253 F. 814.

It being determined that certiorari cannot properly be invoked in this case, the questions raised by the petition are not considered.

The petition for the writ is denied.

---

# MEMORANDUM DECISIONS

---

I

## AI LAU, Plaintiff in Error, v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 12, 1927.

No. 7681.

In Error to the District Court of the United States for the Southern District of Iowa.

William B. Schroder, of Rock Island, Ill., for plaintiff in error.

Ross R. Mowry, U. S. Atty., of Newton, Iowa.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of defendant in error, under rules 23 and 24.

---

2

## Charles P. ANDERSON, etc., Appellant, v. Albert CARMICHAEL, as Presiding Bishop, etc.

Circuit Court of Appeals, Eighth Circuit.
April 13, 1927.

No. 7811.

Appeal from the District Court of the United States for the Western District of Missouri.

See, also, 14 F.(2d) 166.

North T. Gentry, of Jefferson City, Mo., for appellant.

William C. Michaels, of Kansas City, Mo., for appellee.

PER CURIAM. Appeal docketed and dismissed at costs of appellant, per stipulation of parties.