## STEVENS v. CITY OF BROOKHAVEN.
### No. 6831.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1933.

Fulton Thompson, of Jackson, Miss., for appellant.

A. A. Cohn, of Brookhaven, Miss., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

This suit by the receiver of First National Bank of Jackson, as holder of a note signed in the name of Brookhaven Municipal Separate School District by its trustees, sought to hold the city of Brookhaven liable as having authorized the note and having collected the taxes levied to pay it. Upon an agreed statement of facts the court gave judgment for the city, and the receiver appeals. The only question is whether the facts authorized that judgment.

In 1885 the city of Brookhaven, by action of its mayor and aldermen pursuant to law, was declared a separate school district. Also pursuant to law territory outside the municipality was from time to time added, so that Brookhaven Separate School District now contains outside of the city about forty square miles of land, property valued at $1,032,567, a population of 1,600, and 400 school pupils. The city's property and population are about three times as much, and its school pupils 600. On October 2, 1930, the mayor and aldermen of the city passed a resolution reciting that there were no funds of the school district on hand for its operation during the fall months, and directing, that in anticipation of taxes $30,000 be borrowed for that purpose, the mayor and clerk being authorized to execute the necessary notes in behalf of the city. The question of the legality of the loan was raised, and submitted to the Attorney General, who on October 17th ruled that the money could be lawfully borrowed by the board of trustees of the separate school district on its resolution; that the district was a separate legal entity from the municipality, action by which latter was unnecessary but harmless. On October 24th

the mayor and aldermen passed another resolution with about the same recitals as before, but certifying to the board of trustees of the district that there were no funds, and requesting and authorizing them to borrow the $30,000 and obligating the mayor and aldermen to make a proper and sufficient levy of taxes on all the property of the separate school district to repay the loan. It added: "And when such loan is made, the same shall be and is hereby ratified and approved, and made an obligation of the City of Brookhaven." On October 25th the board of trustees of the separate school district passed a resolution reciting this request of the mayor and aldermen and authorizing the loan and the making of notes to be signed by the trustees in anticipation of the taxes for the year 1930, the proceeds of the loan to be deposited (as was customary) in the depositories of the municipality, which performed the duty of treasurer for said municipality and said Brookhaven Separate School District, to be expended as funds of the district. The loan was declared to be one to the separate school district, composed of territory within the municipality and that added from time to time, for the repayment of which the district binds itself. The note sued on was executed, together with another one, by the board of trustees on the same day. It refers only to the resolution of the board of trustees as its authority. The note was indorsed for value before maturity to the First National Bank of Jackson. Its proceeds were deposited in First National Bank of Brookhaven, a city depository, in the name of "City of Brookhaven, School Funds," and disbursed on orders of the board of trustees for the purposes of the separate school district. The mayor and aldermen did levy a tax for the year 1930 on all the property of the separate school district, and a sum nearly sufficient to pay this note was thus collected and redeposited in the First National Bank of Brookhaven for that purpose, again to the credit of "City of Brookhaven, School Funds." The depository bank failed January 12, 1931, and the plaintiff bank on January 19, 1931, before the maturity of the note. The city of Brookhaven did not use for municipal purposes any of the proceeds of the loan nor of the taxes, but it did file in its own name a claim against the failed depository which included the school funds aforesaid.

Under the statutes of Mississippi a separate school district which includes a municipality is created by the municipal authorities, its taxes are levied and collected by them and its funds including those arising from county school moneys are put in the hands of the city treasurer or depository. Miss. Code of 1930, §§ 6657, 6662, 6731. Nevertheless, its school affairs and the disbursement of its funds are in the hands of its own board of trustees. Sections 6664, 6665. These are given express authority to borrow money for the district. Code of 1930, § 6615. We agree with the Attorney General that the separate school district is a distinct legal entity, and that the municipal officers who have part in its affairs are thus acting for and in behalf of the separate school district. The debt here involved is both legally and equitably the debt of the separate school district and not that of the municipality. The district got the borrowed money and should repay it. The taxes levied on it and collected for it by the city officers never came into the hands of or were used by the city of Brookhaven. They went where they should have gone, into the city depository as a separate school fund subject to the orders of the board of trustees of the separate district. If the funds are lost, the separate district must suffer the loss, not the city taxpayers. The clause in the resolution of the mayor and aldermen in effect attempting to make the debt also that of the city was entirely ultra vires. The city could not create a municipal debt for money furnished to the district, whose purposes are not municipal purposes, and to pay whose debt there could be no proper municipal fund. Miss. Code 1930, §§ 2409, 2501. Edwards House Company v. City of Jackson, 132 Miss. 710, 96 So. 170; Id., 138 Miss. 644, 103 So. 428, 42 A. L. R. 625. The city never received any money of the plaintiff so as to become liable therefor as for money had and received, because the taxes collected, if they belonged to plaintiff without an appropriation by the board of trustees, have never been received by the city but only by the city depository for the board. The claim filed by the city against the depository for them is not shown to have been paid. The plaintiff's recourse is not against the city but against the special district.

Judgment affirmed.