## STEVENS v. BROOKHAVEN MUNICIPAL SEPARATE SCHOOL DIST. et al.

### No. 7727.

District Court, S. D. Mississippi, Jackson Division.

Feb. 8, 1934.

Fulton Thompson, of Jackson, Miss., for plaintiff.

Brady, Dean & Hobbs, of Brookhaven, Miss., for trustees of Municipal School Dist.

A. A. Cohn, of Brookhaven, Miss., for City of Brookhaven.

HOLMES, District Judge.

J. R. Stevens, receiver of the First National Bank of Jackson, Miss., by his petition for mandamus, prays for the entry of a judgment in this court against one of the defendants, Brookhaven municipal school district, and for the issuance of a writ of mandamus against the other defendants, directing them without delay to take all proper and necessary action to pay a certain sum due plaintiff for money borrowed evidenced by a note, in the sum of $15,000 and interest, executed by said school district. The other defendants are the individual members of the board of trustees of said district, and the city of Brookhaven. The money was borrowed in anticipation of the revenues of said district, and the board of mayor and aldermen of the city of Brookhaven attempted to make the loan an obligation of the municipality. The receiver first brought suit on the note against the city. On appeal from a decision of this court, holding that the city was not liable, the judgment was affirmed. Stevens v. City of Brookhaven (C. C. A.) 64 F.(2d) 659. Separate demurrers have been filed to the petition by the defendants, and the court is of the opinion that they should be sustained.

■ The debt here involved is due and owing solely by the Brookhaven municipal school district, which is a governmental subdivision, or agency of the state of Mississippi, and is not subject to suit. Ayres v. Board of Trustees, 134 Miss. 363, 98 So. 847; Nabors v. Smith, 135 Miss. 608, 100 So. 177. In the latter case, the court said: "A consolidated school district under our statutes, equally with an agricultural high school, is a governmental subdivision and agency exercising governmental functions. Neither the state nor any of its governmental subdivisions exercising such functions is subject to suit unless expressly or by necessary implication it is so provided by statute. Those dealing with the state or any of its governmental agencies do so with the understanding that any rights they may have are not enforceable in the courts unless the law so authorizes." In his petition for mandamus the plaintiff alleges that the Brookhaven separate school district is not suable, and there is no dispute in the briefs that the law above quoted is applicable to the school district in this case.

■ As the plaintiff has obtained, and can obtain, no judgment against the debtor, he is not entitled to the other relief sought. A proceeding to obtain the writ of mandamus, except where specially authorized by statute, is not an original proceeding in the federal District Court. In re Winn, 213 U. S. 458, 29 S. Ct. 515, 53 L. Ed. 873; State of Indiana v. Lake Erie & W. R. Co. (C. C.) 85 F. 1; In re Higdon (D. C.) 269 F. 150; North Carolina Public Service Co. v. Southern Power Co. (C. C. A.) 282 F. 837; Herkness v. Irion (D. C. La.) 11 F.(2d) 386.

The plaintiff's plight would not be improved if the cause were transferred to the

equity docket. In Fineran v. Bailey (C. C. A. 5) 2 F.(2d) 363, Judge Bryan said:

"As it appears to us, this is an effort to make a writ of injunction serve the purpose of a writ of mandamus. A federal court has no power to issue a writ of mandamus, except in aid of jurisdiction previously acquired. Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Knapp v. Lake Shore & M. S. Railway Co., 197 U. S. 536, 25 S. Ct. 538, 49 L. Ed. 870; Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111.

"What the court was without the power to do directly, it was without the power to do indirectly. Creager v. Bryan (D. C.) 287 F. 362. The appellants concede that the District Court was without the power to issue a writ of mandamus, and because of that they contend they had no adequate remedy at law, ignoring altogether the complete remedy that was open to them in the state courts of Louisiana."

Under the authorities above cited, this court is without jurisdiction to issue the writ of mandamus, except in aid of its own jurisdiction previously acquired, or to grant injunctive relief in lieu of such a writ, and, accordingly, an order may be entered sustaining the demurrer.