BULLARD v. SELECTIVE SERVICE LOCAL BOARD OF MAJOR COUNTY, FAIRVIEW, OKL., et al.

Civil Action No. 1195.

District Court, W. D. Oklahoma.

May 3, 1943.

---

Clem H. Stephenson, of Okemah, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., and Robert E. Shelton, Asst. U. S. Atty., both of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

This cause comes on to be heard on the motion of the defendants to dismiss the complaint.

The plaintiff alleges that he is a resident of Major County, Oklahoma, and that he and the individual defendants are residents of said county and are citizens of the United States of America. That said individual defendants constitute the members of the Selective Service Local Board of Major County, Oklahoma (hereinafter referred to as the "Local Board"), and exercise such office by reason of the laws of the United States of America. That he brings this action to redress the deprivation of a right, privilege and immunity secured to him by the Constitution of the United States providing for equal rights of citizens of the United States and that the matter in controversy exceeds the value of $3,000 and arises under the laws of the United States.

The plaintiff further alleges that he registered under the provisions of the Act for induction of citizens into the armed forces and was classified by the Local Board as a conscientious objector and given the classification of IV–E; that he is a farmer and entitled to the classification of III–C; that he appealed from the action of the Local Board classifying him as IV–E to the proper authority and that such authority referred his case back to the Local Board with instructions for the Local Board to reconsider his classification and to consider his agricultural status; that the defendants have failed, refused and neglected to take any action or to consider his agricultural status but have retained him in class IV–E and ordered him to submit to final examination which he has done and that the defendants are now preparing to order him to report for induction under class IV–E. That these acts upon the part of the defendants are arbitrary, capricious, illegal and wrongful and are the result of bias and prejudice against him. That one of the defendants stated to him that he knew the plaintiff was entitled to the III–C classification but he intended to see to it that the plaintiff was classified as IV–E.

The plaintiff further alleges that he has no adequate remedy at law to prevent the defendants from carrying out such action, he having exercised all his rights under the law, and that unless the defendants are restrained by the court, he will suffer irreparable damages. That he is entitled to a restraining order and temporary injunction, and upon final hearing, an order in the nature of mandamus directing the defendants to give him a III–C classification, and he so prays. He sets out in his complaint the property he owns and the character of work he performs, and his probable loss financially if the action of the defendants is carried to a successful conclusion.

The defendants, by and through the United States Attorney, have filed their motion to dismiss the complaint, alleging that it fails to state a cause of action within the jurisdiction of the court.

Thus we are met at the very threshold of the case with a challenge to the jurisdiction of the court.

■ The court has considered the briefs filed and has made considerable independent investigation of the authorities bearing upon the questions involved. The facts raised by the complaint insofar as jurisdiction is concerned must be taken as true. The facts raise questions that have not been passed upon directly by the courts, under the Selective Training and Service Act of 1940.

In analyzing the situation and making the proper application of the law to the facts presented, it would be well to con-

sider the purpose of the Act. What was its purpose? What did the Congress expect to accomplish by it? How did the Congress expect it to be administered, to best accomplish the results intended? The Act (Title 50 U.S.C.A.Appendix, § 310) provides in part as follows: "Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe."

The complaint, when analyzed, presents a simple case of mandamus. It is true that the allegations also are such as to call for injunctive relief, but the ultimate goal is a writ of mandamus. Any restraining order or temporary writ of injunction, notwithstanding its name, would operate as an alternative writ of mandamus.

In Drumheller v. Berks County Local Board No. 1, 130 F.2d 610, the Circuit Court of Appeals, Third Circuit, had a similar situation before it. Drumheller was classified by his board in IV-E. He was a member of that sect known as Jehovah's Witnesses. He claimed that the board should have classified him as a regular or duly ordained minister of religion and that under such classification he would have been exempt from training and service. He stated that he was not so classified because his board denied him a fair hearing and acted capriciously and in gross abuse of its discretion. He appealed from their decision, which decision was affirmed. He then instituted a suit praying for writ of certiorari and for an injunction. The court held:

"The functions of the Selective Service Board are purely 'administrative' and 'executive' and are not 'judicial' or 'quasi-judicial functions' reviewable by certiorari. * * *

"The action of local draft board in rejecting registrant's claim of exemption as ordained minister and classifying him as a conscientious objector was a determination of a 'question of fact' not reviewable by certiorari. * * *

"If a local draft board acts in an arbitrary manner in classifying a registrant as a conscientious objector rather than an ordained minister, registrant may after surrendering himself to the authorities, by writ of habeas corpus obtain a judicial determination of the propriety of the board's action but registrant may not disobey board's order and challenge its action by certiorari."

In the body of the opinion the court uses language which is appropriate to the case at bar, as follows: "Section 10(a)(2) of the Selective Training and Service Act, 50 U.S.C.A.Appendix § 310(a) (2), provides that the decisions of the local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. The language employed in Section 10(a) (2) is substantially identical with that used in Section 4 of the Selective Draft Act of 1917, 50 U.S.C.A.Appendix § 204. The Selective Training and Service Act of 1940 (precisely as did the Selective Draft Act of 1917) contemplates a rapid disposition by selective service boards of the eligibility and availability of the male citizens of this country for military service. We think that nothing could prove more disruptive to the smooth functioning of the Selective Training and Service Act than to permit an individual to refuse training or service, meanwhile employing a writ of certiorari to carry his case from his local board through the courts."

In Fletcher v. United States, 129 F.2d 262, the Circuit Court of Appeals, Fifth Circuit, held: "The Selective Training and Service Act does not confer jurisdiction upon the United States district court to review decisions of the administrative agencies upon any matter within their jurisdiction." Here Fletcher had been indicted for his failure and refusal to submit to induction. Fletcher was a registrant under the Act. He claimed deferment from military service in his questionnaire and in person before his local board on the ground that he was a minister in the Watch Tower Bible and Tract Society. His local board declined to give him the deferred classification sought, and gave him a I-A classification. He appealed to the Board of Appeals and to the National Director and the local board was affirmed in each appeal. Thereafter he was directed by his local board to report for induction. He refused to submit to induction. Judge Holmes sug-

gested the proper procedure in such a situation, as follows: "As a registrant under the Act, appellant was required by law to carry out any duty required of him under or in execution of the Act. The local board had jurisdiction to classify the defendant for draft purposes, and its action in placing him in group 1–A was upheld by every appellate agency having jurisdiction to review the classification. Having exhausted his administrative remedies, and none other being provided by the Act, appellant had no lawful alternative, but was compelled to obey the orders given him by his local board appropriate to the duties chargeable to a registrant classified as subject to immediate induction. No issue is before us as to whatever rights he may have, after induction, to test the validity of the proceedings before the local board upon petition for a writ of habeas corpus."

In Dick v. Tevlin et al., Local Board No. 112, D.C.S.D.N.Y., 37 F.Supp. 836, the plaintiff contended that he had erroneously given the wrong date of his birth when he registered and on his questionnaire, which would make his age thirty-five. Later he claimed that the birth date given was an error, that he was thirty-six years of age and thus outside the age limit of the Act. He brought the action against his local board seeking a writ of mandamus commanding the board to forthwith permit him to change the date of his birth on his registration card and to discharge him from their supervision and jurisdiction, and to cancel and vacate the orders that had been directed against him. He sought a restraining order against the board from taking any steps, pending the decision, towards inducting him into the army. The court held:

"An action to compel local board appointed under Selective Training and Service Act to permit plaintiff to change date of plaintiff's birth as stated on his registration card and questionnaire, when considered as an action for a writ of mandamus, was required to be dismissed for lack of jurisdiction, since a federal District Court has no jurisdiction of original proceedings seeking relief by mandamus. * * *

"An action for a writ of mandamus is not an 'action at law' or a 'suit in equity' under the Federal Judicial Code provisions respecting original jurisdiction of federal District Courts."

And in the body of the opinion the court said: "Although I have concluded that this suit for a mandamus must be dismissed for lack of jurisdiction the plaintiff is not without a court remedy after he has exhausted his right of appeal under the Selective Training and Service Act. If he is inducted he can sue out a writ of habeas corpus and present the issue of his age, the jurisdiction of the Local Board over his case and the legality of their action, following the procedure suggested by Judge Hough in United States ex rel. Roman v. Rauch, D. C., 253 F. 814 and by Judge Galston in the recent case of In re Soberman, D. C., 37 F.Supp. 522."

Under the Selective Draft Act of 1917 many cases of a similar nature to the case at bar found their way into the courts of our land. In United States ex rel. Roman v. Rauch, D. C., 253 F. 814, 817, Roman sued the members of his local board concerning his classification under the Selective Draft Act of May 18, 1917, for Division No. 157, City of New York, and the court said: "In conclusion, it is held that no opinion is expressed as to the general right of the District Court to issue independent writs of certiorari for any purpose other than to test jurisdiction; second, that there is no jurisdiction to issue such a writ against a local board created by the selective draft statute, because it is an executive body; third, there is nothing in this record to show any error on the part of the board for division No. 157, except one of fact, and there is no power in this court to substitute its own opinion upon a question of fact for that of said local board; and, fourth, because under the circumstances shown the writ should be denied as a matter of discretion."

Following this case, the Eastern District of New York had before it a similar situation in the case of Brown v. Spelman et al., D. C., 254 F. 215. Here the plaintiff sought a writ of mandamus against his local board and the Adjutant General to strike his name from the list of persons registered under the Selective Service Law, and asked that the defendants be restrained from inducting the plaintiff into military service. The court held: "The civil courts can grant relief from orders of local and district boards provided for by the Selective Draft Act only where such boards have acted without or in excess of their jurisdiction, or the proceedings have been unfair, or show an abuse of discretion; hence, where the boards, in disposing of registrant's claim that he was over the age

prescribed in the act and that his name should be stricken from the list, followed the regulations, etc., no relief could be granted by the courts."

It is not always what the complaint is designated that determines the nature of the relief sought. As stated in the beginning, this action, when fully analyzed, is a mandamus action and the question naturally arises, has the court jurisdiction in such a cause?

In Fineran v. Bailey, 2 F.2d 363, the Circuit Court of Appeals, Fifth Circuit, stated:

"It is well settled by the decisions of the Supreme Court that a District Court of the United States has no jurisdiction over the appointment and removal of public officers. Walton v. House of Representatives, 265 U.S. 487, 44 S.Ct. 628, 68 L.Ed. 1115, and cases there cited. As it appears to us, this is an effort to make a writ of injunction serve the purpose of a writ of mandamus. A federal court has no power to issue a writ of mandamus, except in aid of jurisdiction previously acquired. [Citing authorities.]

"What the court was without the power to do directly, it was without the power to do indirectly."

In Creager et al. v. Bryan, County Judge, et al., D. C., 287 F. 362, the court held: "In suit in federal District Court by state chairman and executive committee of a political party and P., nominee of such party for United States Senator, against state election officials, state secretary of state, and nominee of opposing party for United States Senator, to compel the secretary of state and the election officers to place P.'s name on the official ballot to be voted at the general election for United States Senator from the state, in which the bill contained a prayer for a temporary injunction restraining the secretary of state and other election officers from printing or having printed such official ballot, unless P.'s name was placed thereon, held, that the preliminary injunction would be denied on the ground that the court was without jurisdiction to grant such relief, as being in effect the issuance of a writ of mandamus."

In the case of Shimola v. Local Board No. 42 for Cuyahoga County, D. C., 40 F. Supp. 808, the plaintiff sought a writ of certiorari to review the action of his board and the board of appeals, and to change his classification from I-A to III-A under the Selective Training and Service Act of 1940.

On ruling on a motion to dismiss the complaint, the court held:

"Courts should not be expected to usurp the power of review of administrative action. * * *

"Courts will not substitute their judgment for judgment of administrative officers exercised within grant of authority. * * *

"The District Court was without authority under Selective Training and Service Act to review action of local draft board and district board of appeals in classifying registrant, where act did not specifically authorize review, and boards acted within their grant of authority."

In the body of the opinion the court said: "The Congress which passed the Walter-Logan bill also passed the Selective Training and Service Act, and did not provide therein for judicial review. Is it not to be presumed that such omission was intentional? Furthermore, is there not good reason for such omission in such law? Does not the national interest in present world conditions require prompt though drastic action? The civil rights which petitioner contends for are more violently assailed from without than from within. The very name of the rights which petitioner champions implies a limitation on their use: Civil rights have always been subject to military exigency. There is therefore no reason to superimpose judicial review upon the appeal allowed by the Selective Training and Service Act."

There are cases that hold, where acts involving the exercise of judgment or discretion are in question, the courts are wholly without power to control the executive discretion, but where the duties are purely ministerial, an act or refusal to act is subject to be reviewed by the courts. But by the great weight of authority concerning acts of local boards under the Selective Training and Service Act, such acts are not subject to review by the courts, the courts thereby substituting their discretion for the discretion of such officers. The exigency of the occasion is such that it must be taken into consideration, and in the judgment of the court was taken into consideration, by the Congress in passing the Act. No provision is in the Act for the courts to interfere with the machinery set up in the Act for its rapid and orderly progress. The courts have quite uniformly held that under the Act it is the duty of the individual to obey the orders of his

board, and if the board acts arbitrarily or goes beyond its authority, the writ of habeas corpus in a proper case will afford a review of its acts and a remedy to such individual. These local boards serve without pay, at considerable inconvenience and are doing a patriotic service for which they are to be greatly commended. However, the duties they exercise under the great power given them should be carefully, conscientiously and soberly performed. Their duties and responsibilities to the citizen of military age are grave and serious, and should never be arbitrarily or capriciously exercised, or be the result of bias or prejudice.

The citizen of military age is called upon to disrupt his whole plan of life and to take part in a program that has far-reaching effects upon both his individual future and those dependent upon him. He is called upon to make every conceivable sacrifice for his country. Every consideration should be given his claims for proper classification, and upon the whole, no doubt, is so given. But if the acts of the local board were reviewable by the courts in a suit such as the case at bar, then the whole purpose of the Selective Training and Service Act would be nullified. There could be no rapid progress made in assembling and training an army to protect our land. The courts could not handle all the cases that would come before them and the unprotected country would be subject to the acts of a ruthless and merciless enemy while awaiting the final judgments of the courts. Such a situation was never intended and could not be tolerated.

The motion to dismiss for lack of jurisdiction should be and is hereby sustained.