**Thomas BOYD, a minor, By and Through his father and next friend, Robert BOYD, Plaintiff-Appellant,**

v.

**GULFPORT MUNICIPAL SEPARATE SCHOOL DISTRICT, Defendant-Appellee.**

No. 86–4392.

United States Court of Appeals, Fifth Circuit.

July 15, 1987.

Joe Sam Owen, Ben F. Galloway, Owen & Galloway, Gulfport, Miss., for plaintiff-appellant.

Owen T. Palmer, Jr., Edward R. Gaines, Gulfport, Miss., for defendant-appellee.

* Circuit Judge of the Sixth Circuit, sitting by

Before EDWARDS *, RUBIN, and HILL, Circuit Judges.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

The issue in this case is whether the plaintiff, Boyd, can sue the Gulf Port Municipal Separate School District for injuries allegedly sustained when he was attacked in the parking lot of the school stadium after attending a football game as a paying patron. He claims the School District was negligent in failing to provide a reasonably safe area from which to depart the stadium. The district court granted the school's summary judgment motion in which the School District claimed immunity from tort liability under the doctrine of sovereign immunity as applied at the time of this injury. The district court ruled that although *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss.1982) abolished sovereign immunity in tort suits for injuries caused by the state and its political subdivisions, it did so prospectively and *Pruett* therefore applies to causes of action accruing on or after July 1, 1984. Since this cause of action accrued before that date, the court had to analyze pre-*Pruett* decisions to determine whether sovereign immunity was an absolute defense at the time of injury.

The district court applied Mississippi case law involving sovereign immunity of municipal corporations to determine what immunity was due the School District. In so doing, it applied the wrong law. While in many states school districts derive their immunity from the immunity of the municipality, some states consider school districts to be agencies of the state whose activities are governmental by definition. *See* Annotation, *Modern Status of Doctrine of Sovereign Immunity as Applied to Public School and Institutions of Higher Learning*, 33 A.L.R.3d 703 (1970). Mississippi has consistently recognized school districts, including municipal separate

designation.

school districts, as agencies of the state and not of municipalities. *See, e.g., Ayres, et al. v. Board of Trustees of Leake County Agricultural High School, et al.*, 134 Miss. 363, 98 So. 847 (1924), *Fernwood Rural Separate School Dist. v. Universal Rural Separate School District*, 170 Miss. 35, 154 So. 268 (1934), *Nabors v. Holly Bluff Consolidated School Dist.*, 135 Miss. 608, 100 So. 177 (1924), *Stevens v. Brookhaven Municipal Separate School Dist.*, 5 F.Supp. 629 (S.D.Miss.1934), *Reed v. Evans*, 342 So.2d 290, 293 (Miss.1976). Thus the district court's analysis of whether the school was performing a governmental or proprietary function is not applicable as Mississippi had retained something akin to total sovereign immunity as to the state until the *Pruett* decision. *See* W. Prosser, *Handbook of the Law of Torts*, § 131 at 1044, n. 25 (5th ed. 1984). The proprietary/governmental distinction is relevant only to municipalities.

*Sovereign Immunity As Applied To School Districts In Mississippi*

As stated above, school districts are considered agencies of the state in Mississippi. Municipal Separate School Districts are creatures of the state just as all other school districts and the boards of trustees have the same powers. *See* Miss.Code Ann. § 37-1-1, 37-7-619, 37-7-301 (1972). As stated in *Ayres*, 98 So. at 848, "These institutions are created by and are agencies of the state, and it has been repeatedly held by this court that the state and its subdivisions and agencies are not subject to suit unless made so, expressly or by necessary implication, by some statute." The Mississippi Supreme Court stated:

Authority to be sued is no more necessary in the case of agricultural high schools than in other governmental agencies of the sovereign state where no such authority exists, and we do not think the grant of this power is necessarily implied from the phrase giving the trustees "full power to do all things necessary to the successful operation of the school." Authority to be sued is not a necessary prerequisite to the successful operation of the school, and, since it is not clear

that, in the statute now under review, the Legislature intended to surrender the immunity from suit enjoyed by these governmental agencies, we do not think the statute should be extended by construction so as to do so. Only the Legislature can surrender this privilege of the sovereign state and its governmental subdivisions and agencies, and we do not think it has done so in any of the acts affecting the establishment, or the government and control of agricultural high schools.

*Reed*, 342 So.2d at 293 (quoting *Ayres*, 98 So. at 850).

*Ayres* was also cited in *Burton v. Waller*, 502 F.2d 1261, 1274 (5th Cir.1974) as support for the rule that under Mississippi law, in the absence of express statutory authority, the state cannot be sued for the negligence of its officers, agents or employees. *Ayres* was specifically overruled by the Mississippi Supreme Court in *Pruett*, 421 So.2d at 1052: "This Court hereby abolishes the doctrine of immunity of the 'sovereign.' That term includes the state and its local subdivisions. All previous opinions of this Court upholding immunity of the sovereign are hereby overruled. See Appendix 'A'." *Ayres* was listed in the Appendix.

The court wrote in *Jones v. Knight*, 373 So.2d 254, 256-57 (Miss.1979), (quoting *Berry v. Hinds County*, 344 So.2d 146 (Miss.1977)):

"Long ago, we held, in *State Highway Commission v. Gully*, 167 Miss. 631, 145 So. 351 (1933):

"A general statutory grant of authority to sue a governmental subdivision or agency *does not create any liability*, and suit may be maintained thereunder *only for such liability as is authorized by statute*, expressly or by necessary implication. *City of Grenada v. Grenada County*, 115 Miss. 831, 76 So. 682; *Brabham v. Board of Supervisors of Hinds County*, 54 Miss. 363, 28 Am.Rep. 352. At the time these cases were decided, the statute provided that any county might sue or be sued by its name, section 3484, Rev. Code 1871, section 309, Code 1906; and

it was expressly held in each of these cases that there can be no liability against the state or its political subdivisions or agencies unless it is expressly or impliedly created by statute." 167 Miss. at 647, 145 So. at 354. (Emphasis added).

Of course, the courts, as well as the legislature, have the undoubted right to abrogate the doctrine of governmental immunity. We are of the opinion, however, that the legislature is in a better position to limit and restrict claims that can be asserted and to provide the ways and means for the paying of such claims (either by taxation or appropriation), if it should see fit to do so. Therefore, we decline to abolish the doctrine of governmental immunity at this time by judicial decision.

Abrogation of sovereign immunity strongly appeals to the sentiments of us all, but, if it were done as sought by the appellant, it would leave every state agency, institution, or branch of government vulnerable to tort suits. We think abrogation, if ever accomplished, should be accompanied by legislation alluded to by Justice Robertson in *Berry v. Hinds County, supra.*

■ Thus, it is clear there can be no liability except as is authorized by statute, expressly or by implication. In *Berry v. Hinds County,* 344 So.2d 146 (Miss.1977), the Mississippi Supreme Court discussed the history of sovereign immunity. The court noted that the Legislature provided for suits against counties or school districts operating school busses in Miss.Code Ann. § 37–41–37 (Supp.1976) for injuries related to the operation of the vehicles. The Legislature limited the recovery to a special "accident contingent fund" and § 37–41–41 limited the amount of money which could be recovered. Thus, the Mississippi Supreme Court pointed out that there must be specific grant to bring suit and that these grants have been very limited. *Berry v. Hinds County* supports the School District's position that Boyd cannot bring this suit.

Plaintiff Boyd argues that the earlier cases cited by the school district such as *Ayres, Nabors,* and *Brookhaven* do not control this case because of *Owens v. Jackson Municipal Sep. School Dist.,* 264 So.2d 892 (Miss.1972). In *Owens* the Mississippi Supreme Court, in a one-paragraph opinion, affirmed the lower court ruling that the school district was protected by sovereign immunity. In that case a student on a basketball team was injured during practice and sued the school district for lack of supervision.

Chief Justice Gillespie, writing for a unanimous court, held:

> The excellent briefs filed in this case present the question whether this Court should overrule its former decisions holding the State and its subdivisions immune from suit in tort actions except (1) in matters concerning proprietary affairs and (2) where immunity has been abrogated by statute. We had the same question presented earlier in this term and without written opinion rejected the argument that sovereign immunity should be abrogated. A careful study of the arguments has again been made, and we affirm our former decisions.
>
> Affirmed.

*Id.*

The School District asserts that *Owens* supports the rule that extracurricular athletic activities conducted by school districts are governmental in character. The Mississippi Supreme Court in *Berry v. Hinds County,* 344 So. at 148 cites *Owens* as supporting the rule that political subdivisions of the state may not be sued.

As of the date of the injury at issue in this case, the School District was entitled to immunity as a matter of law and the district court's granting of summary judgment is affirmed.